**COMMONWEALTH of Pennsylvania, Appellee.**

v.

**Miguel HEREDIA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 18, 2014.

Filed July 24, 2014.

Elayne Bryn, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: SHOGAN, J., OTT, J., and PLATT, J.*

OPINION BY PLATT, J.:

Appellant, Miguel Heredia, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant challenges the failure of the Department of Corrections (DOC) to award him credit for time served, in the face of the trial court's sentencing order expressly granting it. Appellant's claim is not cognizable under the PCRA. Accordingly, we affirm.

On September 17, 2009, Appellant entered a negotiated guilty plea to one count each of possession with intent to deliver a controlled substance and criminal conspiracy.[1] The charges stemmed from Appellant's delivery of cocaine to a cohort for street sale. On December 7, 2009, the trial court sentenced Appellant to an aggregate term of not less than four nor more than eight years' incarceration, followed by five years' probation. The court also granted Appellant credit for any time served. (*See* Order of Sentence, 12/07/09, at 1). Appellant did not file a direct appeal.

On January 18, 2011, Appellant, acting *pro se*, filed the instant PCRA petition. Appointed counsel filed an amended petition on August 2, 2012. On February 22, 2013, the court issued notice of its intent to dismiss the PCRA petition without a hearing. *See* Pa.R.Crim.P. 907(1). On March 28, 2013, the court entered its order dismissing Appellant's PCRA petition. Appellant timely appealed.[2]

Appellant raises the following issue for our review:

> 1. Whether the PCRA [c]ourt erred by denying [Appellant's] request for postconviction relief, specifically the request for an order stating that he is to receive time credit for the time he spent in custody prior to the time that he was sentenced and the [DOC] is to correct the prison record accordingly[?]

---

* Retired Senior Judge assigned to the Superior Court.

1. 35 P.S. § 780–113(a)(30) and 18 Pa.C.S.A. § 903(a)(1), respectively.

2. The PCRA court ordered Appellant to file a Rule 1925(b) statement of errors, and he timely complied on April 26, 2013. The court filed a Rule 1925(a) opinion on July 11, 2013. *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 3) (record citations omitted).

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Barndt,* 74 A.3d 185, 191–92 (Pa.Super.2013) (citations and quotation marks omitted).

In his issue on appeal, Appellant argues that "he is entitled to post conviction relief because the [DOC] did not give him credit for time that he spent incarcerated prior to his guilty plea." (Appellant's Brief, at 7). The crux of Appellant's claim is that the DOC improperly relied on the commitment form DC–300B [3] prepared by the clerk of courts granting him no credit for time served, instead of relying on the sentencing order signed by the judge and entered on the docket, which specifically granted him credit for time served. (*See id.* at 7–13; *see also* PCRA Petition, 1/18/11, at 3–"3A"). Appellant maintains that he first learned of this error on December 13, 2010, when he received a copy of the commitment form (dated December 7, 2009) from the Clerk of Quarter Sessions in Philadelphia, per his request. (*See* Appellant's Brief, at 5; *see also* PCRA Petition, 1/18/11, at 3, Exhibit "A"). Appellant frames his issue as a challenge to the legality of his sentence. (*See* Appellant's Brief, at 7).

Before we may address the merits of Appellant's issue, we must first determine whether it is cognizable under the PCRA. The Commonwealth contends that Appellant's claim seeking correction of the DOC's alleged error is an administrative matter and therefore is not cognizable. (*See* Commonwealth's Brief, at 6–8). The PCRA court, relying on this Court's decision in *Commonwealth v. Perry,* 386 Pa.Super. 534, 563 A.2d 511 (1989), also concluded that Appellant's claim is not cognizable by it. (*See* PCRA Court Opinion, 7/11/13, at unnumbered pages 3–4). We agree with the Commonwealth and the court.

The PCRA sets forth its scope [in pertinent part] as follows:

> This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings **or to provide relief from collateral consequences of a criminal conviction.**

> 42 [Pa.C.S.A.] § 9542.... **In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence.**

*Commonwealth v. Masker,* 34 A.3d 841, 843 (Pa.Super.2011) (*en banc*), *appeal denied,* 616 Pa. 635, 47 A.3d 846 (2012) (case citations omitted) (emphasis in original; some emphasis added).

■ In *Perry, supra,* this Court held that a PCRA petition is not the proper method for contesting the DOC's calcula-

---

**3.** Form DC–300B is a commitment document generated by the Common Pleas Criminal Court Case Management System. *See* 37 Pa. Code § 96.4; 42 Pa.C.S.A. § 9764. Section 9764 of the Judicial Code sets forth the procedure associated with transfer of an inmate into DOC custody and provides that, on commitment of an inmate, the transporting official must provide the DOC with a copy of the trial court's sentencing order and a copy of the DC–300B commitment form. *See* 42 Pa. C.S.A. § 9764(a)(8).

tion of sentence. *See Perry, supra* at 512–13. The *Perry* Court explained:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Id.* (citations and emphasis omitted).[4]

 Here, the record reflects that the trial court, when imposing Appellant's sentence, expressly and unambiguously granted him "credit for any time served."

(Order of Sentence, 12/07/09, at 1; N.T. Sentencing, 12/07/09, at 19). Thus, Appellant's characterization that he challenges the legality of his sentence is inaccurate. His real allegation of error is that the DOC failed to follow the court's sentence. (*See* PCRA petition, 1/18/11, at 3–"3A" (stating that "on my order of sentence [the trial court] gave me time credit for any-time served. My DC–300B papers [state] that there are [zero] days credit[.] . . . Time credit that was ordered by the court was not honored on the DC–300B."))[5] Therefore, Appellant wishes the DOC to enforce the trial court's sentencing order as valid, and he is not challenging "the propriety of [his] conviction or [his] sentence." *Masker, supra* at 843 (case citations omitted). As a result, we conclude that Appellant has not raised a claim that is cognizable under the PCRA. *See Perry, supra* at 513. Accordingly, we affirm the order of the PCRA court.[6]

Order affirmed.

SHOGAN, J., files a Concurring and Dissenting Opinion.

---

**4.** Likewise, the Commonwealth Court has held that, where an inmate's petition did not challenge the trial court's sentencing order, and instead challenged only the governmental actions of the clerk of court and corrections officials in the wake of that sentencing order (including clerk's generation of commitment form inconsistent with sentencing order), the trial court lacked jurisdiction over the matter, and the petition was properly filed in the Commonwealth Court. *See Spotz v. Commonwealth*, 972 A.2d 125, 134 (Pa.Cmwlth.2009); *see also Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections*, 14 A.3d 912, 915 (Pa.Cmwlth.2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel DOC to carry out sentence imposed, petition is properly filed in Commonwealth Court).

Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive

value. *See Commonwealth v. Rodriguez*, 81 A.3d 103, 107 n. 7 (Pa.Super.2013), *appeal denied*, —— Pa. ——, 91 A.3d 1238, 2014 Pa. Lexis 1227 (May 13, 2014).

**5.** We note that, in Pennsylvania, the text of the sentencing order is determinative of the court's sentencing intentions and the sentence imposed. *See Commonwealth v. Borrin*, —— Pa. ——, 80 A.3d 1219, 1226 (2013); *see also Jones v. Dep't of Corr.*, 683 A.2d 340, 342 n. 2 (Pa.Cmwlth.1996) (court order signed by judge and entered into docket overrides commitment form). The DOC is an administrative agency bound to follow a trial court's order granting an inmate credit for time served. *See Oakman v. Dep't of Corr.*, 903 A.2d 106, 109 (Pa.Cmwlth.2006).

**6.** Moreover, even if Appellant's claim were cognizable under the PCRA, we would conclude that his petition is untimely with no exception to the time-bar pleaded or proven,

## CONCURRING AND DISSENTING OPINION BY SHOGAN, J.:

I agree with the Majority's conclusion that Appellant's claim is not cognizable under the PCRA. However, because there is a patent inconsistency between the sentencing order and commitment order, both of which the Department of Corrections is required to follow, I am compelled to write separately. As discussed below, a writ of *habeas corpus ad subjiciendum* is the proper means by which Appellant should seek redress. Accordingly, I respectfully dissent from the Majority's conclusion that Appellant is required to pursue an original action in the Commonwealth Court.

In *Commonwealth v. Perry*, 386 Pa.Super. 534, 563 A.2d 511 (1989), a panel of this Court clarified the appropriate procedure for presenting a sentencing challenge based on credit for time served, as follows: 1) If the alleged error is thought to be the result of an **erroneous computation of sentence by the Department of Corrections, the appropriate vehicle for redress is in an original action in the Commonwealth Court challenging the Department's computation of time;** 2) if the defendant is challenging the legality of a trial court's alleged failure to award credit for time served, it presents a due process claim that is cognizable under the PCRA; and 3) if the alleged error is thought to be attributable to **ambiguity in the sentence** imposed **by the trial court, the defendant should file a writ of *habeas corpus ad subjiciendum* with the trial court for clarification and/or correction** of the sentence imposed. *Perry*, 563 A.2d at 512–513 (citations omitted) (emphasis added).

Here, there is no erroneous computation of time by the Department of Corrections. The sentencing transcript reveals that the trial court awarded Appellant credit for time served (N.T., 12/7/09, at 19), and the sentencing order granted Appellant credit for time served (Order of Sentence, 12/7/09). However, Form DC–300B, the **trial court** document that commits a defendant into custody, does not provide Appellant credit for time served.

Form DC–300B is a Court Commitment **order** that is generated by the Common Pleas Criminal Court Case Management System of the Unified Judicial System. *See* 42 Pa.C.S.A. § 9764(a); *see also* 37 Pa.Code § 96.4. Thus, I agree with the Majority that Form DC–300B is required when an inmate is placed into DOC custody. Maj. Op. at footnote 3. However, because, as the Majority points out, the court-generated Form DC–300B is required in tandem with the sentencing order, I cannot agree that the Department of Corrections may ignore or correct inconsistencies between Form DC–300B and the sentencing order. Form DC–300B is a

and that the PCRA court therefore lacked jurisdiction to review the petition on the merits. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). While Appellant claims the benefit of the after-discovered facts exception to the time-bar at 42 Pa.C.S.A. § 9545(b)(1)(ii) based on receipt of the DC–300B commitment form on December 13, 2010, (*see* Appellant's Brief, at 5), we would conclude that he has not met his burden of proving the applicability of this exception. The information contained in the commitment form is not new; it has been a part of Appellant's prison record since December 7, 2009. *See Commonwealth v. Taylor*, 933 A.2d 1035, 1040–41 (Pa.Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) ("For purposes of the exception to the PCRA's jurisdictional time-bar under Section 9545(b)(1)(ii), a petitioner fails to meet his burden when the facts asserted were merely 'unknown' to him.") (citation omitted); *see also Commonwealth v. Edmiston*, 619 Pa. 549, 65 A.3d 339, 352 (2013), *cert. denied*, —— U.S. ——, 134 S.Ct. 639, 187 L.Ed.2d 423 (2013) ("[T]o constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record[.]'").

court commitment order, not a Department of Corrections document, and it cannot be modified or disregarded by the Department of Corrections. *See Spotz v. Commonwealth,* 972 A.2d 125, 131 (Pa. Cmwlth.2009) (stating "Even though the Court Commitment **order,** Form DC–300B, was completed on the court's behalf by the clerk and was not signed by the sentencing judge, the Department did not err in relying on that form which indicated that Boyd had been ordered to pay $5,000.00 in fines, $335.20 in costs and $3,240.00 in restitution by the sentencing court.") (emphasis added), quoting *Boyd v. Com., Pennsylvania Dept. of Corrections,* 831 A.2d 779, 783 n. 6 (Pa.Cmwlth.2003). Thus, there is a patent inconsistency in the trial court's sentencing order and commitment order.

Indeed, it is apparent from Appellant's PCRA petition and brief that he is not simply challenging the Department of Corrections' computation of credit for time served or the trial court's failure to award credit for time served. Rather, Appellant is arguing ambiguity in that the Philadelphia County Court of Common Pleas issued a Form DC–300B containing incorrect information. Therefore, Appellant is seeking clarification and/or correction of the sentence imposed.

Accordingly, a petition for a writ of *habeas corpus ad subjiciendum,* for clarification and/or correction of the sentence, rather than an original action in Commonwealth Court[1] or a PCRA petition, is the proper vehicle for Appellant's challenge. *Perry,* 563 A.2d at 513. Therefore, I would affirm the PCRA court's order de-

nying Appellant PCRA relief without prejudice to his ability to pursue his claim in a writ of *habeas corpus ad subjiciendum* in the trial court.

---

1. In contrast to the result reached by the Majority, I conclude that an action pursuant to the original jurisdiction of the Commonwealth Court would be improper inasmuch as the Department of Corrections did not err in its computation of Appellant's sentence. *Perry,* 563 A.2d at 512–513. Rather, as ex-

plained above, the error asserted is in Form DC–300B. Form DC–300B is a court document that the Department must follow, and the Commonwealth Court could not direct the Department of Corrections, an executive branch agency, to modify a document created by the judicial branch.