J-S44042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES DAMON HOUGH | |
| Appellant | No. 426 WDA 2014 |

Appeal from the PCRA Order February 6, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011935-1992

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 31, 2014**

James Damon Hough (Hough) appeals, *pro se*, from the order entered in the Court of Common Pleas of Allegheny County, February 6, 2014, denying him relief on his second petition[1] filed pursuant to the Post Conviction Relief Act (PCRA) 42 Pa.C.S. §9541 *et seq*.  The PCRA court denied the petition, without a hearing and after Pa.R.Crim.P. 907 notice had been given, on the basis the petition was untimely.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Before we begin our analysis of this matter, we note that,

_____

[1] Hough filed a PCRA petition in 1998 seeking *nunc pro tunc* relief.  This petition was granted.  After his judgment became final, Hough's first PCRA petition was filed in 2001 and was denied in 2002.  No appeal was taken. This petition was filed in June 2012.

[o]ur standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014) (citation omitted).

Hough was 17 years old when he was convicted of first-degree murder for the shooting death of Ronald Davis. The mandatory term of life imprisonment was imposed.[2] Davis obtained the right to file a direct appeal of his conviction, *nunc pro tunc*. He obtained no relief and his judgment of sentence became final on November 21, 2000 when time expired for Hough to seek review by the U.S. Supreme Court.[3] *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court); 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1).

_____

[2] The applicable statute at the time was 18 Pa.C.S. § 1102, mandating either life imprisonment or imposition of death sentence following conviction of first-degree murder.

[3] A panel of our court denied Hough relief. *See Commonwealth v. Hough*, 754 A.2d 18 (Pa. Super. 2000) (unpublished memorandum). Subsequently, our Supreme Court denied Hough's petition for allowance of appeal. *See Commonwealth v. Hough*, 760 A.2d 851 (Pa. 2000) (August 23, 2000).

Pursuant to the PCRA, a defendant has one year from date his or her judgment of sentence becomes final to file a PCRA petition. 42 Pa.C.S. § 9545(b)(1). Therefore, Hough had until November 21, 2001 to file for PCRA relief. The one-year time limit applies to all PCRA petitions, not just the first. *Id*. Although his first PCRA petition was timely, this petition, filed on July 12, 2012 is facially untimely.

However, Hough has claimed one of the three exceptions to the one-year rule applies to this claim. Specifically, he argues the application of a newly recognized constitutional right as announced by the United States Supreme Court[4] in *Miller v. Alabama*, 132 S.Ct. 2455 (2012). *Miller* held that mandatory life sentences without the opportunity for parole for juveniles violated the 8th Amendment prohibition against cruel and unusual punishment. Subsequently, the Pennsylvania Supreme Court held that *Miller* did not provide retroactive relief. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). The United States Supreme Court denied *certiorari* on January 9, 2014. *See Cunningham v. Pennsylvania*, 134 S.Ct. 2724 (June 9, 2014). Therefore, *Miller* does not apply retroactively. Because retroactive application is a requirement for a petitioner to benefit from the timeliness exception at Section 9545(b)(1)(iii),

_____

[4] *See* 42 Pa.C.S. § 9545(b)(1)(iii) (the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively).

Hough cannot claim entitlement to that exception. Accordingly, his petition is untimely. The timeliness requirements of the PCRA are jurisdictional in nature, and when the petition is untimely neither our Court nor the post-conviction court may address the merits of the petition. **_See Commonwealth v. Lewis_**, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

Because the PCRA court's finding that Hough's petition was untimely is supported by the record and is free from legal error, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/31/2014</u>