J-S44035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY LYNN BROZIK | |
| Appellant | No. 299 WDA 2014 |

Appeal from the PCRA Order January 22, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001398-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 31, 2014**

Gary Lynn Brozik appeals from the order entered on January 22, 2014, in the Court of Common Pleas of Fayette County, denying him relief, following a hearing, on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Brozik claims the PCRA court erred in determining plea counsel was not ineffective for: (1) advising Brozik to enter into the plea, (2) failing to advise Brozik about the available defense of justification, (3) failing to interview witnesses prior to advising Brozik to plead guilty, and (4) failing to present mitigating evidence at sentencing.  After a thorough review of the certified record, the submissions by the parties, and relevant law, we affirm.

We recite the facts underlying the crime as stated in the criminal complaint, which was referred to at the guilty plea hearing.

On 08/17/10 at approx. 0400 hrs the accused [Brozik] was involved in a physical altercation with Michael Ryan Haines at Haines's residence [in] Georges Twp Fayette County. The accused after the physical altercation left the residence with his fiancé Melinda Rae Boyd where they [] retrieved silver in color semi automatic handgun from the defendants vehicle (1995 Jeep Grand Cherokee Pa. Reg. HFP5307). The defendant [Brozik] and Boyd then returned and entered back into the residence. Boyd then began threatening the victim(s) with the hand gun and pointed the hand gun at them. The defendant then got into another physical altercation with the victim (Haines). The defendant and Boyd then fled the scene. The defendant and Boyd then stopped and hid said pistol in a wooded lot behind the Arby's restaurant on Morgantown Rd. South Union Twp, Fayette County. The defendant hid the pistol approx 6' into the woods. The defendant and Boyd then went to Uniontown Hospital.

Affidavit of Probable Cause, 8/26/2010.[1]

Based upon this information and the admitted fact that he had a prior felony conviction for robbery, Brozik entered into an open guilty plea on the charge of violating person not to possess a firearm, 18 Pa.C.S. §

_____

[1] This recitation is a condensed version of the synopsis in the Pennsylvania State Police report dated August 17, 2010. The synopsis includes allegations that Haines was threatened with the gun and a knife and contains the statement, "The victim [Haines] related that accused 1 [Brozik] went to hit him and in the process knocked the gun out of accused 2 [Boyd] hand. The gun then went under the refrigerator." *See* Incident Report, 8/17/2010, at 4. The synopsis also included Brozik's initial denial of any knowledge of a gun and then leading the police to where he had thrown it. *Id*. at 5. Pursuant to a report from the Bureau of Alcohol, Tobacco, Firearms and Explosives, the gun was a silver-plated, .45 caliber pistol with a 5 1/4" barrel, manufacturer unknown with no serial number. *See* BATFE Report, 8/25/2010.

6105(a)(1).[2]   The possession charge was based upon the fact that Brozik

took the handgun from the car and threw it into the woods, after he and

Boyd had left the scene of the altercation.

At the guilty plea hearing, Brozik admitted to possessing the gun by

disposing of it in the woods.  **See** N.T. Guilty Plea, 4/4/2011, at 7-8.   At the

sentencing hearing, Brozik told the court he had taken the gun from Boyd to

prevent her from harming Haines.   The court asked Brozik if that meant he

wanted to withdraw his guilty plea, and Brozik said no.   **See** N.T.

Sentencing, 5/16/2011, at 3.   No direct appeal was taken.   Accordingly,

Brozik's sentence became final on June 15, 2011, when the 30-day limit to

file his direct appeal expired.   Brozik filed this PCRA petition on May 16,

2011, which is within the statutorily mandated one-year time limit.  **See** 42

Pa.C.S. § 9545(b)(1).

Before we address the merits of Brozik's claims, we note:

Our standard of review of a trial court order granting or denying
relief under the PCRA calls upon us to determine whether the
determination of the PCRA court is supported by the evidence of
record and is free of legal error. The PCRA court's findings will
not be disturbed unless there is no support for the findings in the
certified record.

*Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014) (citation

omitted).  Additionally:

_____

[2] As part of the plea agreement, several other charges against Brozik, including multiple counts of terroristic threats and reckless endangerment, 18 Pa.C.S. §§ 2706 and 2705, were *nolle prossed.*

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). [*Commonwealth v.*] *Sepulveda*, 55 A.3d [1108] at 1117 [(Pa. 2012)]. This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Busanet*, 618 Pa. 1, 54 A.3d 35, 45 (2012); *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Sepulveda*, 55 A.3d at 1117 (*citing Pierce*, 527 A.2d at 975). Counsel is presumed to have rendered effective assistance. *Sepulveda*, 55 A.3d at 1117.

A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first. *Id*. at 1117-18.; *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 701 (1998). Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Jones*, 590 Pa. 202, 912 A.2d 268, 270 (2006).

*Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014).

Brozik's first two claims are presented together. Essentially, Brozik argues trial counsel was ineffective for failing to investigate and explain the justification defense to him, and therefore was ineffective for advising him to accept the plea agreement.

Although Brozik informed the sentencing court that he had disarmed Boyd to keep her from harming Haines, he now claims he was unaware that that action could have been the basis for a justification defense. The

requirements for the application of justification are found at 18 Pa.C.S. § 503:

> **(a) General rule.--**Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:
>
> > (1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;
> >
> > (2) neither this title nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and
> >
> > (3) a legislative purpose to exclude the justification claimed does not otherwise plainly appear.

18 Pa.C.S. § 503(a).

Brozik argues that although he knew he was a convicted felon who was not allowed to possess a firearm, the greater harm would have been to allow his fiancé, Boyd, to continue to threaten or even shoot, Haines with the gun. This would be a compelling argument if only the charge was based on those facts. However, as the PCRA court points out, Brozik was not charged with possessing the weapon at any time during the altercation, when Boyd was threatening Haines. Specifically, the PCRA court stated:

> The altercation was long over when [Brozik] attempted to conceal evidence by depositing the firearm in the wooded area behind Arby's. He was defending no one, and the only threat he faced at that time was criminal prosecution.

PCRA Opinion, 1/22/2014, at 4.

The factual record supports this conclusion. Brozik was charged with possession at a time after the altercation, when the pair had left Haines' residence in Georges Township and had travelled to an Arby's in South Union Township, and Brozik took the gun either from the car or from Boyd's possession, and threw it into the woods. At that time, Haines was nowhere near either Brozik or Boyd, and so was in no danger from Boyd.

Because Brozik could not have been protecting Haines when he disposed of the gun, the defense of justification was not available to him. Therefore, Brozik's claim that trial counsel was ineffective for failing to inform him of the justification defense, and allowing him to plead guilty is without merit. Accordingly, the PCRA court committed no error of law in denying Brozik relief on these claims.

Brozik next claims trial counsel was ineffective for failing to interview witnesses. The PCRA court did not address this allegation, however, this does not compromise our ability to review the claim.

> The failure to investigate "presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." *Id.*[3] "It can be unreasonable *per se* to conduct no investigation into known witnesses." *Id.* Importantly, a petitioner still must demonstrate prejudice. *Id.* To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided

---

[3] **Commonwealth v. Stewart**, 84 A.3d 701, 712 (Pa. Super. 2013) (*en banc*).

would have led to a different outcome at trial. ***Commonwealth v. Dennis***, 597 Pa. 159, 950 A.2d 945, 961 (2008).

In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial. ***See Commonwealth v. Dennis***, 609 Pa. 442, 17 A.3d 297, 302 (2011) (discussing failure to interview and call an alibi witness).

***Commonwealth v. Pander***, 100 A.3d 626, 638-39 (Pa. Super. 2014) (*en banc*).

Brozik lists four people on his certificate of intended witnesses for the PCRA hearing: himself, his trial counsel, Boyd and Shannon Price.[4] Therefore, Boyd and Price are the only two witnesses to whom this claim can apply. In his PCRA petition, Brozik asserted Boyd would testify that Brozik disarmed her to protect Haines. Nonetheless, accepting Brozik's assertion regarding Boyd's proposed testimony, it makes no reference to the time behind the Arby's when Brozik admittedly threw the gun away. Therefore, even if trial counsel failed to interview Boyd, Brozik suffered no prejudice as a result.

Shannon Price was a person who initially went with Brozik and Boyd to Haines' residence. She is referred to in the police reports as "unknown

_____

[4] Although he listed four prospective witnesses, including himself, none of the other listed witnesses testified at the PCRA hearing.

female." **See** Incident Report Synopsis, 8/17/2012, at 4. Although Brozik lists her as a potential witness at the PCRA hearing, he never provided any indication of the substance of her testimony. For that reason alone Brozik's claim fails. A petitioner must provide the PCRA court with a certification of the proposed witnesses including a summary of the anticipated testimony. **See** 42 Pa.C.S. § 9545(d)(1); **Commonwealth v. Pander**, **supra**, at 640.

Because Brozik cannot demonstrate how any of the proposed witnesses' testimony would have assisted him, or that those witnesses would have testified on his behalf, counsel cannot be ineffective for failing to interview them.

Brozik's final claim is that trial counsel was ineffective for failing to present mitigating evidence prior to sentencing. The PCRA court did not address this issue. However, based upon the certified record and the specifics of the claim presented by Brozik, we are able to conduct a proper review.

The only mitigating evidence Brozik has suggested is his claim that he was justified in disarming Boyd. However, the sentencing court was aware of this claim, as well as Brozik's claim that he would not have otherwise possessed the gun because he was afraid of firearms, after having seen a friend commit suicide by gun. **See** N.T. Sentencing, 5/16/2011, at 4.

In issuing the sentence, the court stated it considered the nature of the offense,[5] the pre-sentence report, Brozik's statements made at the sentencing hearing, Brozik's extensive criminal history, and his rehabilitative needs. Brozik has presented nothing to support his bald assertion that any additional emphasis on his claim he disarmed Boyd to protect Haines would have produced a different sentence.

Because the record supports the PCRA court's findings and there are no errors of law, we affirm the denial of Brozik's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014

_____

[5] We presume this includes the victim's version of the offense, which indicated Brozik accidently disarmed Boyd while he assaulted Haines.