J-S05035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERRY L. HUNT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LAWRENCE MAHALLY, SUPERINTENDENT OF SCI DALLAS, | |
| Appellee | No. 790 MDA 2015 |

Appeal from the Order Entered April 7, 2015
in the Court of Common Pleas of Dauphin County
Civil Division at No.: 2015 CV 2527-MP

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 17, 2016**

Appellant, Terry L. Hunt, appeals *pro se* from the order of April 7, 2015, deeming his petition for a writ of *Habeas Corpus Ad Subjiciendum* (petition) as improperly filed.  For the reasons discussed below, we affirm.[1]

In January 2001, a jury convicted Appellant of three counts of attempted homicide, and one count each of criminal conspiracy (attempted homicide), recklessly endangering another person, and persons not to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court may affirm for any reason, including reasons that are different from those of the trial court.  **See Commonwealth v. Hernandez**, 886 A.2d 231, 240 (Pa. Super. 2005), *appeal denied*, 889 A.2d 1122 (Pa. 2006).

possess a firearm.  On March 16, 2001, the trial court sentenced Appellant to an aggregate term of incarceration of not less twenty-three nor more than forty-six years to be served consecutively to a term of incarceration of not less than three nor more than seven years previously imposed in an unrelated matter.

On April 23, 2004, this Court affirmed the judgment of sentence.  (*See Commonwealth v. Hunt*, 852 A.2d 1248 (Pa. Super. 2004) (unpublished memorandum)).  The Pennsylvania Supreme Court denied leave to appeal on October 5, 2004.  (*See Commonwealth v. Hunt*, 860 A.2d 122 (Pa. 2004)).  On April 21, 2005, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court dismissed the petition on December 7, 2006.  This Court affirmed the dismissal of Appellant's PCRA petition on August 24, 2007.  (*See Commonwealth v. Hunt*, 935 A.2d 13 (Pa. Super. 2007)).  The Pennsylvania Supreme Court denied leave to appeal on December 20, 2007. (*See Commonwealth v. Hunt*, 940 A.2d 363 (Pa. 2007)).

In the fall of 2013, Appellant filed two duplicative motions to correct his sentence.  The trial court dismissed both motions.  This Court affirmed the dismissal of the second motion on August 20, 2014.  (*See Commonwealth v. Hunt*, No. 2300 MDA 2013 (Pa. Super. filed Aug. 20, 2014) (unpublished memorandum)).

On April 6, 2015, Appellant filed the instant petition in the Dauphin County Court of Common Pleas, Civil Division. On April 7, 2015, the trial court deemed Appellant's petition to be an attempt to evade the timeliness requirements of the PCRA and denied it as improperly filed. (*See* Order, 4/07/15, at 1-2). The instant, timely appeal followed. On April 20, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On May 4, 2015, Appellant filed a timely Rule 1925(b) statement. On May 11, 2015, the trial court issued a statement adopting the reasoning of its April 7, 2015 order. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Did the [trial] court abuse its discretion and err in concluding that the proper vehicle for the averments alleged in Appellant's [petition] is by way of a [PCRA petition]?

2. Is Appellant entitled to relief by way of a writ of *habeas corpus ad subjiciendum*?

(Appellant's Brief, at 4).

Appellant appeals from the denial of his petition. "Our standard of review of a court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." *Rivera v. Pa. Dep't of Corr.*, 837 A.2d 525, 528 (Pa.

Super. 2003), *appeal denied*, 857 A.2d 680 (Pa. 2004) (citations and quotations omitted).

In his first issue, Appellant argues that the trial court erred in finding that his petition was an improperly filed PCRA. (**See** Appellant's Brief, at 9-14). We agree.

Appellant claims that there is no written sentencing order in his case and that, therefore, the Department of Corrections (DOC) is improperly relying on the commitment form DC-300B,[2] which does not accurately reflect his sentence. (**See id.** at 13). In a recent decision, **Commonwealth v. Heredia**, 97 A.3d 392 (Pa. Super. 2014), this Court addressed the issue of whether claims of error on DC-300B forms were challenges to the legality of sentence, and, therefore, cognizable under the PCRA. **See Heredia**, **supra** at 393. We found that they were not, stating that an appellant claiming error of the DC-300B form was not claiming that the sentence imposed by the trial court was illegal, but rather was requesting "the DOC to enforce the trial court's sentencing order as valid, and he is not challenging the propriety of his conviction or his sentence." **Heredia**, **supra** at 395 (internal

_____

[2] This form is a commitment document generated by the Court of Common Pleas, Criminal Division, Case Management System. **See** 37 Pa.Code § 96.4; 42 Pa.C.S.A. § 9764. Section 9764 of the Judicial Code lays out the procedures used when transferring an inmate into DOC custody and states that, on commitment of an inmate, the transporting official must provide DOC with a copy of the trial court's sentencing order and a copy of the DC-300B form. **See** 42 Pa.C.S.A. § 9764(a)(8).

quotation marks and citation omitted). Thus, we held that a claim requesting that DOC enforce a sentencing order and/or correct errors on a DC-300B form is not cognizable under the PCRA. ***See id.*** Therefore, we agree with Appellant that the trial court erred in deeming his petition to be an improperly filed PCRA petition.

However, this does not end our inquiry. Appellant claims that he is entitled to relief by way of his petition. (***See*** Appellant's Brief, at 14-21). We disagree.

In ***Commonwealth v. Perry***, 563 A.2d 511 (Pa. Super. 1989), this Court explained the proper method for contesting the DOC calculation of sentence as follows:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

***Perry***, ***supra*** at 512 (citations omitted); ***see also Heredia***, ***supra*** at 395.

Here, Appellant is not claiming that the sentence imposed by the trial court is ambiguous, but rather that there was a clerical error on an administrative form and that DOC is improperly relying on that allegedly incorrect form, rather than the sentencing order in computing Appellant's sentence. (***See*** Appellant's Brief, at 13). Thus, he is not entitled to relief on

his petition but rather must file an original action in the Commonwealth Court in order to address his claim.  **See Perry**, **supra** at 512; **see also Heredia**, **supra** at 395.

Accordingly, for the reasons discussed above, we affirm the decision of the trial court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016