J-S82017-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTORIO HINTON | : | |
| | : | No. 173 WDA 2017 |
| Appellant | | |

Appeal from the PCRA Order June 3, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011856-1995

BEFORE:   BENDER, P.J.E., STEVENS*, P.J.E., and STRASSBURGER**, J.

MEMORANDUM BY STEVENS, P.J.E.:              FILED DECEMBER 22, 2017

Appellant, Victorio Hinton, after filing a pro se document entitled "Modification of Sentence Nunc Pro Tunc," filed a pro se notice of appeal.  We quash this appeal.

The relevant facts and procedural history underlying this appeal have been set forth previously by this Court as follows:

> In January 1996, after being extradited from Washington state, Appellant entered a negotiated guilty plea to third degree murder.  The court immediately sentenced Appellant to the negotiated term of incarceration, eight and one-half to twenty-one years.
>
> In May 2004, Appellant filed a petition for writ of habeas corpus, arguing that the Commonwealth had breached its contractual agreement by incarcerating him past his minimum

_____

*   Former Justice specially assigned to the Superior Court.
** Retired Senior Judge assigned to the Superior Court.

sentence. The PCRA[1] court treated this petition as a request for PCRA relief. Appointed counsel submitted a Turner/Finley[2] "no merit" letter, which the court granted. The PCRA court denied Appellant's petition; Appellant did not appeal to this Court.

On October 29, 2015, Appellant filed a petition for writ of habeas corpus, which the court treated as a petition requesting PCRA relief, as it challenged the validity of his conviction.[3] After sending Appellant notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, [in an order dated June 2, 2016, and entered on June 3, 2016,] the PCRA court denied his petition as untimely filed.

Appellant timely appealed [on June 17, 2016, and this Court docketed the appeal at 1066 WDA 2016].

Commonwealth v. Hinton, No. 1066 WDA 2016, *1-2 (Pa.Super. filed 4/17/17) (unpublished memorandum) (citations to record omitted) (footnote added).

After a careful review, this Court concluded that the PCRA court properly treated Appellant's October 29, 2015, habeas corpus petition under the auspices of the PCRA. See id. Additionally, we concluded that the petition was untimely filed and Appellant did not meet any of the timeliness

_____

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

[2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

[3] In the petition, Appellant argued that he was entitled to habeas relief due to the Commonwealth's failure to commence trial within one hundred twenty days of his extradition from Washington state, an alleged violation of 42 Pa.C.S. § 9101.

exceptions. See id. Accordingly, on April 17, 2017, this Court affirmed the PCRA court's order, which was dated June 2, 2016, and entered on June 3, 2016.[4] See id. Appellant did not file a petition for allowance of appeal to our Supreme Court from this Court's decision filed on April 17, 2017.

During the interim, while Appellant's appeal docketed at 1066 WDA 2016 was pending in this Court, on September 14, 2016, Appellant filed in the lower court a pro se document entitled "Modification of Sentence Nunc Pro Tunc" in which he challenged the computation of his sentence by the Bureau of Corrections. The lower court took no action relative to Appellant's pro se filing.

On January 24, 2017, Appellant filed a notice of appeal to this Court indicating that he was appealing to this Court because the lower court failed to dispose of his "Modification of Sentence Nunc Pro Tunc" within 120 days. He indicated in the notice of appeal that he was deeming the motion denied by operation of law; he noted that no new order had been issued since the PCRA court's filing of the prior June 3, 2016, order.

This Court docketed Appellant's January 24, 2017, notice of appeal at 173 WDA 2017, and since there was no new lower court order, we designated

---

[4] We note that this Court mistakenly indicated in its unpublished memorandum that the PCRA court's order was "entered June 2, 2016[.]" See id. at * 1. However, a further review of the record confirms that, although the PCRA court's order was dated June 2, 2016, it was entered on the lower court's docket with notice provided to the parties on June 3, 2016.

the last order entered in this matter (June 3, 2016) as the appealed from order. The appeal docketed at 173 WDA 2017 is the appeal currently before us.[5]

Appellant presents the following issues for our review, which we reproduce verbatim:

1. Can the Commonwealth waive or dismiss an issue pertaining to a sentence, as untimely?

2. Does the lower court, i.e., the Court of Common Pleas, have the jurisdiction to correct patent errors in the record according to 42 Pa.C.S. § 5505, beyond the 30-day statutory limit?

3. Is a negotiated plea agreement between a defendant and the Commonwealth Court, a contract that must be honored by all parties involved?

Appellant's Brief at 4.

Before addressing the merits of Appellant's claims, we must determine whether the matter is properly before us. "We do not have jurisdiction over non-appealable orders." Commonwealth v. Frey, 41 A.3d 605, 609 (Pa.Super. 2012). An order is appealable if it is: (1) a final order, see Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, see 42 Pa.C.S. § 702(b); Pa.R.A.P. 311-312, 1311-1312; or (3) a collateral order, see Pa.R.A.P. 313.

---

[5] Understandably, there has been some confusion with regard to the instant appeal. For instance, when this Court informed the lower court that the record in this matter was overdue, the PCRA court filed an opinion dated August 29, 2017, urging this Court to dismiss the instant appeal as duplicative of the appeal docketed at 1066 WDA 2016. However, the PCRA court is incorrect in this regard.

Here, in the instant notice of appeal, Appellant admits that the lower court has neither entered an order nor taken any action with regard to his "Modification of Sentence Nunc Pro Tunc." Instead, he indicates that he has himself deemed the motion denied by operation of law. However, there is no such authority for Appellant to do so in order to invoke our jurisdiction. Accordingly, Appellant's appeal is clearly premature, and we quash it on this basis. [6]

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017

---

[6] As suggested supra, in his "Modification of Sentence Nunc Pro Tunc," Appellant challenged the computation of his sentence by the Bureau of Corrections. We note this Court has held generally that "[i]f the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." Commonwealth v. Heredia, 97 A.3d 392, 395 (Pa.Super. 2014) (citation omitted)). However, here, where the lower court has not yet considered Appellant's motion, we decline to make a determination in this regard or analyze the motion further.