J-S40035-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OARMELL WILLIS BURRELL | : | |
| | : | |
| Appellant | : | No. 186 WDA 2019 |

Appeal from the PCRA Order Entered July 30, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003355-2015

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                FILED AUGUST 16, 2019

Oarmell Willis Burrell (Burrell) appeals from the order of the Court of Common Pleas of Erie County (PCRA court) denying his PCRA petition seeking time credit.  We affirm as we find that PCRA counsel has waived the issue.

On October 26, 2015, authorities found cocaine, heroin and drug paraphernalia following a search warrant executed at Burrell's residence. Burrell was charged with two counts of Possession with Intent to Deliver and Possession of Drug Paraphernalia.[1]  On April 4, 2017, Burrell was convicted following a bench trial and sentenced on May 19, 2017, to 33 to 66 months' incarceration followed by five years of probation.  Burrell did not appeal.

_____

[1] 35 P.S. §§ 780-113(a)(30), (32).

_____

*   Retired Senior Judge assigned to the Superior Court.

These proceedings commenced on January 2, 2018, when Burrell filed a document captioned "Motion to Reconsider Granting Time Credit Under New Circumstances Involving Petitioner." Motion, 1/2/18. The PCRA court construed this motion as a request for PCRA relief and appointed counsel, who filed a supplemental PCRA petition on February 16, 2018.[2] The PCRA court issued a notice of intent to dismiss without a hearing and later dismissed the petition.

The only issue in Burrell's appeal concerns his custodial status pending trial. Burrell argued in his PCRA petition that he was entitled to ten months of time credit for time spent in the Erie County Jail pending trial. The PCRA court concluded that Burrell was not entitled to relief:

_____

[2] PCRA counsel's "supplementary" petition simply incorporated and adopted by reference the work done by Burrell in his pro se capacity stating:

> The Petitioner, Oarmell Burrell, filed a pro se Motion to Reconsider Granting Time Credit Under New Circumstances Involving Petitioner, which has been accepted and treated as a PCRA, which is hereby incorporated as if fully stated herein. The Petitioner has further submitted correspondence to the Court outlining the "new circumstances" referenced in his PCRA in regard to his federal court revocation and the continued absence of any provision of time credit for the 10 months he was incarcerated in this jurisdiction after being transferred from a prison in the State of Ohio. The Petitioner argues that the declination of this time credit constitutes an abuse of discretion and the imposition of an illegal sentence.

> The supplemental motion, thus, did little more than point the PCRA court to the pro se materials.

As the sentencing Order indicates, credit was based on the fact that Petitioner was committed to prison on the Erie County drug offense on October 27, 2015. Bond was posted and he was released on October 28, 2015. A bench warrant was issued and served on July 19, 2016, then lifted on July 20, 2016. A total of 4 days credit was applied to the above noted docket. The Order further clarifies that, "For the time the defendant was detained or held on a federal case or cases, the time served with respect to the federal charges would be applicable only to the federal case(s)." Sentencing Order, May 19, 2017, unnumbered footnote. Our investigation reveals that the remainder of the time served was on federal charges and detainers. Consequently, time credit can only be given by way of federally granted relief, if appropriate.

Amended Notice of Intent to Dismiss, 7/11/18, at 3-4.

The entirety of Burrell's rebuttal is as follows:

The lower Court's delineation and characterization of the appellant's time in custody is wrong and misguided. The appellant was held in custody within the Erie County Prison while he was technically and literally still out on $50,000 bond. Thereupon, after 10 months of fighting his case and ultimately being found guilty at trial, the appellant was given a mere 4 days time credit. The appellant was told and the lower Court has predicated its ruling on the belief that the appellant was serving time at another jail, which was inaccurate.

To the contrary, the appellant was not in custody in 2015, but still on state parole and also federal probation. The appellant was arrested on October 26, 2015 on drug charges. He posted a $50,000 bond on October 28, 2015 and was released from custody. After the County of Erie sent court papers to an address he was no longer residing at and receiving no response, a bond revocation hearing was scheduled for March 22, 2016. On March 29, 2016, the Commonwealth's Motion to Revoke and Forfeit Bond was withdrawn. After the appellant was picked up by federal marshals for probation violation arising from the charges he was then on bond for in Erie County, the appellant was placed in the Youngstown federal holdover facility CCA. The appellant's counsel in federal court filed a motion precluding the federal government from taking his [sic] to court to violate the probation term without him first being found guilty of the state court charges in Erie County. Therefore, in accord with that motion, the federal court

- 3 -

proceedings were tolled and suspended pending the adjudication of the state charges.

The appellant personally put in a notice of availability to Erie County and they came and took him into custody on the open bench warrant and nothing more.  On July 8, 2016, the appellant appeared in Erie County Court and the bench warrant was lifted, which meant that he should have been deemed free of custody or else sent back to the federal facility from which he had been taken.  Instead, Erie County mistakenly placed him in custody and held him with no bond under some different pretext.  The appellant was then held by Erie County without any legal basis and then to add insult to injury the appellant has never been afforded the time credit for the 10 months spent in custody in Erie County Prison.

Burrell's Brief at 4-5.[3]

Burrell does not cite or discuss the statutory provisions governing credit, nor does he even specifically delineate which time periods are at issue. Counsel did not enter the federal docket into the certified record, to say nothing of the referenced motions and pleadings.  Due to these failures, we deem the argument waived.  "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." Commonwealth v. Beshore, 916 A.2d 1128, 1140 (Pa. Super. 2007).

_____

[3] This claim is cognizable under the PCRA as Burrell challenges the failure to award credit, not the computation of awarded credit.  "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." Commonwealth v. Fowler, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted).  Where the sentencing court orders credit for time served and the petitioner asserts the Department of Corrections has miscalculated the appropriate time credit, the suit must be filed in Commonwealth Court.  See Commonwealth v. Heredia, 97 A.3d 392, 394-95 (Pa. Super. 2014).

Notwithstanding, Burrell is not entitled to relief. Burrell acknowledges that he posted bond and was released on this case. The fact that he was later arrested and held in the Erie County Jail for some other reason is irrelevant, as a court must give credit "for all time spent in custody as a result of the criminal charge for which a sentence is imposed as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1). Once he posted bail, Burrell was no longer in custody as a result of this charge. Therefore, even if properly preserved and presented, this argument would not afford relief.[4]

Order affirmed.

_____

[4] We note that Burrell pleaded guilty in the United States District Court for the Western District of Pennsylvania in February 2006 and was released in December 2014. The federal docket for his 2006 conviction indicates that Burrell was arrested on March 9, 2016, which was one week after the Commonwealth filed a motion to revoke Burrell's bond due to his failure to appear for arraignment. Presumably, this is why the Commonwealth withdrew its motion to revoke bond: the federal government arrested Burrell and had a detainer because his arrest on these charges was a violation of his federal supervision.

That term of supervised release was revoked on December 14, 2017, and he was sentenced to a term of 36 months set consecutive to any other sentence. That sentence will presumably commence upon completion of the sentence at this docket, with time credit assessed by the Bureau of Prisons at that time.

Judgment Entered.

*[signature: Joseph D. Seletyn]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/16/2019</u>