J-S02026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| IVAN RIVERA | : | |
| | : | |
| Appellant | : | No. 1576 EDA 2021 |

Appeal from the Order Entered July 16, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000691-2006

BEFORE: OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                          **FILED MARCH 30, 2022**

Appellant, Ivan Rivera, appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, denying his petition for *habeas corpus* relief seeking clarification of his sentence. We affirm.

The relevant facts and procedural history of this case are as follows. On June 1, 2006, Appellant entered an open guilty plea to rape and related offenses. The court sentenced Appellant on September 28, 2006, to an aggregate term of 40 to 80 years' imprisonment. Specifically, the court imposed four consecutive 10 to 20 year sentences for Appellant's convictions for rape, kidnapping, involuntary deviate sexual intercourse ("IDSI"), and robbery. On Tuesday, October 10, 2006, Appellant timely filed a post-sentence motion (the day after the Columbus Day court holiday). The court denied the motion on October 19, 2006. Appellant did not file a direct appeal.

Between 2012 and 2014, Appellant unsuccessfully litigated a first petition pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On February 3, 2021, Appellant filed the current *pro se* petition for *habeas corpus* relief seeking clarification of his sentence. In it, Appellant alleged that the September 28, 2006 sentencing order was inconsistent with the DC-300B Court Commitment Form, which indicated that Appellant was only subject to two consecutive sentences. Consequently, Appellant claimed the September 28, 2006 sentencing order was ambiguous and/or unclear as it conflicted with the DC-300B Form. Appellant sought *habeas corpus* relief in the form of clarification of the court's intent regarding which of Appellant's sentences run consecutively.

On April 13, 2021, the court treated Appellant's prayer for relief as cognizable under the PCRA and issued notice of its intent to dismiss the petition without a hearing as untimely, per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on May 4, 2021, claiming the court should have construed his petition as one for *habeas corpus* relief and not under the confines of the PCRA. On May 7, 2021, the court vacated its prior Rule 907 notice, agreeing with Appellant that the petition at issue was not subject to the PCRA. Nevertheless, on July 16, 2021, the court denied relief on the merits.

Appellant timely filed a *pro se* notice of appeal on August 2, 2021. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant

timely filed on August 16, 2021.

Appellant raises one issue for our review:

> Whether the trial court erred in denying Appellant's petition for *habeas corpus* relief seeking clarification of its intent regarding the counts to run consecutive.

(Appellant's Brief at 3).

Appellant argues that the September 28, 2006 sentencing order is ambiguous and/or unclear in that it conflicts with the DC-300B Court Commitment Form. Appellant asserts that it was the trial court's responsibility to generate an accurate DC-300B Form, and not the responsibility of the Department of Corrections ("DOC"). Appellant claims that ambiguity in the DC-300B Form calls into question the sentence imposed by the court on September 28, 2006. Appellant concludes that, in the interests of justice, he is entitled to *habeas corpus* relief in the form of clarification of his sentence concerning which of his sentences should run consecutively. We disagree with Appellant's contention that the sentence is ambiguous.

Initially, a petition for *habeas corpus* is the proper avenue for relief when a petitioner seeks clarification and/or correction of the sentence imposed based on an alleged ambiguity in the sentence. **Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa.Super. 2014), *appeal denied*, 628 Pa. 637, 104 A.3d 524 (2014). "We will reverse a denial or grant of a *habeas corpus* petition only for a manifest abuse of discretion." **Commonwealth v. Giannantonio**, 114 A.3d 429, 433 (Pa.Super. 2015).

"In Pennsylvania, the text of the sentencing order…is determinative of the court's sentencing intentions and the sentence imposed." ***Commonwealth v. Borrin***, 622 Pa. 422, 434, 80 A.3d 1219, 1226 (2013). "Form DC-300B is a commitment document generated by the Common Pleas Criminal Court Case Management System.  …[O]n commitment of an inmate, the transporting official must provide the DOC with a copy of the trial court's sentencing order and a copy of the DC-300B commitment form."  ***Heredia, supra*** at 394 n.3 (internal citations omitted).

Instantly, our review of the record confirms that the September 28, 2006 sentencing order dictated consecutive terms of 10 to 20 years' imprisonment for Appellant's convictions for rape, kidnapping, IDSI, and robbery (with other convictions running concurrently).  (***See*** Sentencing Order, 9/28/06).  The sentencing order also makes clear Appellant's aggregate term of imprisonment is 40 to 80 years.  (***See id.***)  The sentencing order is dispositive of the court's sentencing intention.  ***See Borrin, supra***.  Additionally, the notes of testimony from the sentencing hearing are consistent with the sentencing order, where the trial court detailed that Appellant would receive consecutive 10 to 20 year sentences for Appellant's rape, kidnapping, IDSI, and robbery convictions, for a total term of 40 to 80 years' imprisonment.  (***See*** N.T. Sentencing Hearing, 9/28/06, at 124-25).  Consequently, we see no abuse of discretion in the court's denial of *habeas corpus* relief to the extent that Appellant alleges an ambiguity in the

sentencing order. *See Giannantonio, supra*.

Nevertheless, the DC-300B Form clearly contains a clerical error to the extent that it indicates the court's intention to run only two of Appellant's sentences consecutively. Therefore, while we affirm the order denying *habeas corpus* relief, we direct the Bucks County Clerk of Courts to issue a corrected DC-300B Form that reflects Appellant's sentence as set forth in the September 28, 2006 sentencing order and on the record at the sentencing hearing. ***See generally Commonwealth v. Holmes***, 593 Pa. 601, 933 A.2d 57 (2007) (acknowledging authority to correct patent and obvious errors contained in record). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2022