J-S60010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JERALD PATTERSON | |
| Appellant | No. 180 MDA 2014 |

Appeal from the PCRA Order June 27, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000319-2011
CP-67-CR-0007400-2010
CP-67-CR-0007454-2010

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 13, 2015**

James Jerald Patterson appeals from the order entered on June 27 2013, in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In 2012, a jury convicted Patterson of three counts of robbery and one count of criminal conspiracy.  The trial court sentenced Patterson to 23 to 46 years' incarceration.  Patterson's direct appeal afforded him no relief.  He filed a timely PCRA petition which was denied after a hearing.  In this timely appeal, Patterson claims the PCRA court erred in: (1) not finding trial counsel ineffective in representing him in plea negotiations, (2) not finding trial counsel ineffective for failing to call witnesses at trial, (3) not finding

trial court ineffective for failing to have him evaluated to determine competency for trial, and (4) not finding PCRA counsel ineffective for failing to call witnesses to the PCRA hearing and for failing to obtain a competency evaluation.[1]  Issues two and four are partially related in that the witnesses would have purportedly supported Patterson's claim of duress.  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm based on the sound reasoning and analysis of the PCRA court.[2]

Because we are relying upon the PCRA court's opinion, and the facts and circumstances are known to the parties, we will not restate that which the PCRA court has already related.

However, we note,

> [o]ur standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

---

[1] We have reworded Patterson's claims.

[2] We note that there is no question that the instant PCRA petition was timely under the statute.  Therefore, we will not reiterate the statutory provisions regarding the timely filing of a PCRA petition.  Patterson's judgment became final on October 11, 2012 when time expired to seek Pennsylvania Supreme Court review of his direct appeal.  The instant PCRA petition was filed on March 8, 2013, well within the one-year limit to file a PCRA petition.

***Commonwealth v. Heredia***, 97 A.3d 392, 394 (Pa. Super. 2014) (citation omitted).

Our comprehensive review of this matter leads us to the inescapable conclusion that the PCRA court's ruling is supported by the record and is free of legal error.

We write additionally to address Patterson's claim that PCRA counsel was ineffective for failing to interview and present at the PCRA hearing, the witnesses trial counsel failed to call. We note that Patterson never complained to the PCRA court, during the hearing, that counsel had failed to call the same witnesses trial counsel had failed to call. PCRA counsel's ineffectiveness was never raised before the PCRA court in a timely manner. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (petitioner cannot raise claim of PCRA counsel ineffectiveness for the first time in a Pa.R.A.P. 1925(b) statement), *citing* ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa. Super. 2012). Therefore, the issue has been waived.[3]

_____

[3] However, we note that the claim of PCRA counsel's ineffectiveness could not succeed here where the PCRA court determined there was no prejudice to Patterson for the failure to call those same witnesses at trial. Additionally, to the extent Patterson's claim regarding his competency extends to the PCRA proceedings, he has failed to articulate any prejudice in light of his active participation in the PCRA proceedings.

Order affirmed. Parties are directed to attach a copy of the PCRA court's Order and Opinion dated June 27, 2013[4] and Pa.R.A.P. 1925(a) Opinion dated March 26, 2014.

Judge Stabile joins in this memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015

---

[4] The Order and Opinion of June 27, 2013, found at number 34 in the certified record, is essentially the transcript of Judge Richard K. Renn's order from the bench following the PCRA hearing. *See* N.T. PCRA Hearing, 6/27/2013, at 43-50.

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,
PENNSYLVANIA


*CP-67-CR-0007400-2010*


*CP-67-CR-0007454-2010*


*CP-67-CR-0000319-2011*


COMMONWEALTH   : CP-67-CR-0007400-2010

        :

  VS     : 1) Robbery

        :

JAMES JERALD PATTERSON : CP-67-CR-0007454-2010

        :

        : 1) Robbery

        :

        : CP-67-CR-0000319-2011

        :

        : 1) Robbery

        :

       (PCRA)

York, Pa., Thursday, June 27, 2013

Before Honorable Richard K. Renn, Judge

APPEARANCES:
    STEPHANIE LOMBARDO, Esquire
    Assistant District Attorney
    For the Commonwealth

    WILLIAM H. GRAFF, JR., Esquire
    For the Defendant

\* \* \*

O R D E R

   First of all, I would like to offer
three observations about an attorney working with the
client. An attorney is just the client's mouth piece
to pursue whatever the client wants to say to the Court
or the jury. The attorney is expected to use his
expertise and his good judgment in what to present to
the Court and, more importantly, what to present to the
jury.

1

(34)

The mere fact that the attorney doesn't just say everything that the client wants him to say or present every piece of evidence or every witness that the client wants, does not in itself mean the attorney is ineffective.

Second, the amount of time that an attorney spends with the client is not indicative of the quality of the representation. It could be some cases require extraordinary time spent with the client and other cases very little. So, the fact that an attorney may not spend the time with the client, the client was not indicative of the quality of representation.

Finally, the failure to exhaust all arguable remedies or take all actions or courses of conduct that the client expects is not of and in itself indicative of ineffective representation.

Our Courts have been very clear that a person in order to have relief under the Post Conviction Relief Act must prove by preponderance of the evidence that a conviction resulted from ineffective assistance of counsel. That the allegation has not previously been litigated and has not been waived.

The Appellate Courts presume that counsel's assistance is constitutionally effective if the particular course of action chosen by the counsel was reasonably designed to effectuate his client's interests.

In order to show ineffective assistance of counsel, a criminal Defendant has to show that the underlying planes of arguable merit that counsel's performance had no reasonable basis and that his ineffectiveness worked to the Defendant's prejudice.

The Defendant essentially raises four issues that might afford relief under the Post Conviction Relief Act. First, he raises the issue that he would have accepted a plea agreement as it was presented to the Court. Initially, he would have presented a plea agreement had he known there was a plea proposal.

As the evidence unfolded, it is abundantly clear that the Defendant knew of the plea

2

proposal. The plea proposal was, in fact, communicated certainly if not verbally then in writing by Mr. Rader prior to trial and that plea proposal was 10 to 30 years.

We note that a Defendant does not have a constitutional right to a plea proposal. Does not have a constitutional right to plea agreement.

Notwithstanding what the Supreme Court seems to have said once the plea agreement is actually proposed in this case and we would note that to the extent that the testimony of the Defendant differs from that of Mr. Rader presented by the Commonwealth, it resolved issues of credibility in favor of Mr. Rader. Mr. Rader was clear the Defendant was offered a plea agreement that he was not happy with.

The Defendant negotiated back and forth and managed to get the initial offer down 5 years. He still was not happy with it and he decided to go to trial.

We can see no ineffective assistance of counsel in any of that process. Mr. Patterson was made aware of the proposal. The fact that it was not in accord with his initial expectations, does not make counsel ineffective. It does not implicate the constitutional issues raised in the Supreme Court case that we cited to counsel.

In fact, the only credible evidence that we have of the status of plea negotiations comes from Mr. Rader, since Mr. Patterson's testimony as to why he wanted to go to trial it was hopelessly contradictory and ranged anywhere from not being told of the plea agreement to wanting the Court to hear everything that happened in the case.

Accordingly, we cannot conclude that he has sustained his burden with regard to the issue of the plea agreement.

The next issue he raises involves his claim of duress. In that regard he raises two sub issues. The first is that witnesses were not presented on his behalf in order to advance the claim of duress. Mr. Rader testified that he interviewed one witness who would not have been helpful. Frankly, the Court has to agree with that assessment based on what Mr. Rader told

3

us. That it's even doubtful the testimony would be permitted given that it was hearsay at least based on hearsay testimony even if the witness had been offered.

The second witness, the Defendant's own mother, that Mr. Rader attempted to contact her and was unsuccessful. Certainly presumably she was accessible to the Defendant as well. She did not contact Mr. Rader.

We cannot conclude that he was ineffective for not interviewing her under the circumstances and not presenting her testimony to the Court if he had in some way forced her to come to Court to testify.

And finally, the probation officer whom Mr. Rader indicated he did not interview would have presented its own issues with regard to the nature of the relationship between Mr. Patterson and the probation officer, given Mr. Patterson's prior record. Even if we accept for the sake of argument that the probation officer could have testified to anything advancing the duress defense and based on the information that Mr. Rader had available, there is no discussion that would have occurred if a decision was made to place Mr. Niehenke on the stand.

Under the circumstances then, failure to call the witnesses is not ineffective as counsel had a reasonable basis for not doing so. That certainly if not advance his client's cause, certainly did not hurt his client's cause by attempting to present such evidence.

The related claim which the Defendant continually raises is that he was forced to testify because there were no witnesses here. The Court, as we were listening to Mr. Rader's testimony about his assessment of presenting duress defense and in going back and reviewing the trial dynamics, we find it difficult to conclude how a duress defense would have presented in context of this trial without the Defendant testifying. I can't imagine that any evidence, there was certainly no evidence other than the Defendant's own testimony, that would indicate any kind of duress being used.

As we recall the testimony, the Defendant was always alone in the stores. There was

4

with the exception of perhaps one of the cases someone may have come in at the conclusion of the robbery. It was a codefendant with the Defendant, but we find it difficult to conclude that a defense of duress could have been presented by other than having the Defendant testify.

There was no testimony by the Defendant or anyone else that he was forced, threatened, coerced into testifying. Only that he had to testify because other witnesses weren't present. That is not ineffective counsel.

Under the circumstances, it was probably the only course of action available to Mr. Rader at the time to present the defense.

And finally, with regard to the issue of competency. There were two related issues. One, whether the Defendant was criminally responsible for his acts. The available evidence was that he was.

The other issue given the benefit to the Defendant not directly dealt with in the evaluation was whether he was competent to stand trial. Mr. Rader certainly thought he was.

The Court recalls the Defendant was actively involved in his case throughout the course of the trial. He did not appear to be lacking competency to understand what was going on. He testified on his own behalf. He presented his defense. He was actively involved in the plea negotiations.

There is no basis on which we would be concerned that the Defendant was not competent to testify or participate in his defense.

In short, we conclude that the evidence does not sustain the Defendant's burden of ineffective assistance of counsel or any other counts grounds for relief under the Post Conviction Relief Act, and, accordingly, we will deny the petition.

We direct that a copy of this statement sent to counsel for the parties, also to Mr. Patterson at inmate number KM5625 SCI Albion 10745, Route 18, Albion, PA 16475.

* * *

cmm   7-1-13

5

IN THE COURT OF COMMON PLEAS OF YORK COUNTY,
PENNSYLVANIA

*CP-67-CR-0007400-2010*

COMMONWEALTH                    :      CP-67-CR-0007400-2010
                                :
     VS                         :
                                :
JAMES JERALD PATTERSON          :


PROOF OF SERVICE


On Monday, July 1, 2013, I the undersigned served the Order dated Thursday, June 27, 2013, in this matter by personal service upon each of the following offices:


York County Clerk of Courts Office
     a) Original
     b) Copy for private defense counsel/pro se
        defendant to be served by Clerk

York County District Attorney's Office

Judge Richard K. Renn

York County Adult Probation Office


                              Christine M. Myers,
                              Official Court Reporter


1

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

Commonwealth of Pennsylvania        :        No.: CP-67-CR-0007400-2010
                                    :              CP-67-CR-0007454-2010
vs.                                 :              CP-67-CR-0000319-2011
                                    :
James Jerald Patterson             :
                                    :        Super. Ct. No. 180 MDA 2014

Appearances:

                        Duane Ramseur, Esquire
                        For the Commonwealth

                        Korey Leslie,  Esquire
                        Counsel for Defendant

### Rule 1925(a) STATEMENT IN SUPPORT OF DECISION

This matter is before the Court pursuant to a Notice of Appeal to the Superior

Court of Pennsylvania filed by Defendant on January 24, 2014.  The reasons for this

Court's decision can be found in the original record, specifically the Opinion and

Order dated June 27, 2013  denying Defendant's request for relief under the Post

Conviction Relief Act.  We write additionally to provide a factual and procedural

history for this case.

1

## Factual and Procedural History:

The Superior Court summed up the facts of this case in its Memorandum of

September 11, 2012, affirming Defendant's judgment of sentence:

> [Defendant] was charged with robbing three stores
> in York City over a period of three days. At trial, the
> Commonwealth presented evidence that [defendant]
> robbed a Family Dollar Store on November 9, 2010,
> Tom's Gas Station Convenience Store on November 10,
> 2010, and then Jim and Nena's Pizzeria on November 11,
> 2010. In all three robberies, [defendant] entered the
> stores in the evening, and threatened employees with a
> handgun. At the second robbery, a second individual was
> present in the Tom's Gas Station, and was in the process
> of paying for small items while displaying a large amount
> case. While [defendant] threatened the employee of the
> gas station, he did not interact with the individual
> holding the cash and allowed that individual to leave the
> store.
>
> A police officer viewed video from surveillance
> cameras and identified [defendant] as a possible suspect.
> Investigators then prepared a photographic array that
> included [defendant]'s picture. Employees from the three
> stores subsequently identified [defendant] from the
> photographic array.[1] On November 17, 2010, six days
> after the last of the three robberies, [defendant] was taken
> into custody. [Defendant] later admitted to investigators
> that he participated in all three robberies, but explained

---

1 At least one employee from each of the three stores identified [defendant] from a photographic array.
However, two employees, one from Family Dollar Store and one from the pizza shop, were not able to make a
positive identification.

2

that his participation had been coerced.

[Defendant] elected to testify at a jury trial on the charges against him, and presented a defense based upon duress. Specifically, [defendant] testified that he accrued a substantial debt to two drug dealers, whom he identified at trial as "Mo" and "Newz", and that they forced him to commit the robberies under threats of harming him and his family. [Defendant] further testified that "Newz" was the individual present at the time of the robbery at Tom's Gas Station. [Defendant], however, also admitted that the two continued to give him drugs, and that he continued to use those drugs, during the period in which he committed the robberies.

The jury, on January 18, 2012, found [defendant] guilty of three counts of robbery, and one count of criminal conspiracy to commit robbery.

*Commonwealth v. Patterson*, 627 MDA 2012 (Pa. Super. 9/11/12)(Non-precedential decision).

On February 28, 2012, Defendant was sentenced to an aggregate sentence of 23 to 46 years incarceration in a state correctional institution. Defendant timely filed a Notice of Appeal on March 28, 2012.

On April 25, 2012, in lieu of filing a Statement of Matters Complained of on Appeal, Defendant's counsel filed a Notice of Intent to file an Anders/Santiago brief.

3

On September 11, 2012, in a non-precedential decision, the Superior Court affirmed Defendant's judgment of sentence and granted his counsel's petition to withdraw.

Defendant timely filed his first petition for post-conviction relief on March 8, 2013. We appointed counsel and scheduled a hearing. The hearing was continued once at the request of counsel and was held on June 27, 2013. Defendant was present and did testify at the hearing. Defendant's trial counsel also testified. Following the hearing, we dictated an Order and Opinion denying Defendant relief under the Post-Conviction Relief Act.

Defendant filed a pro se Notice of Appeal on July 20, 2013, which was docketed as correspondence and forwarded to his PCRA counsel. On July 29, 2013, Defendant filed a pro se Motion for Withdrawal of Counsel. We scheduled a hearing on Defendant's motion for August 21, 2013; however, arrangements were not made for Defendant's participation, and the hearing was continued to October 16, 2013. On that date, we denied Defendant's request for new counsel as there was nothing pending in his case at that time.

Defendant filed a second PCRA petition on December 24, 2013. On

4

January 10, 2014, realizing that Defendant's PCRA counsel had not filed a Notice of

Appeal, we appointed new counsel and permitted Defendant to file a Notice of

Appeal nunc pro tunc from the dismissal of his first PCRA petition.

The issues raised in Defendant's 1925(b) Statement are the same issues raised

at Defendant's PCRA hearing. We refer to the transcript and Order entered on

June 27, 2013.

Conclusion:

Copies of this statement shall be sent to counsel for the parties.

By the Court,

Richard K. Renn, Judge 3/26/14

5