J-S30034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                            :          PENNSYLVANIA
                            :
             v.                :
                            :
                            :
LEJON ALEXANDRE,                :
                            :
            Appellant       :       No. 2966 EDA 2018

Appeal from the Order Entered August 24, 2018
in the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0005391-2014

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 14, 2019**

Lejon Alexandre ("Alexandre") appeals, *pro se*, from the Order denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] *See* 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand.

On June 23, 2015, Alexandre entered a negotiated guilty plea to robbery and criminal conspiracy.  The trial court sentenced Alexandre, pursuant to the plea agreement, to an aggregate term of 11½ to 23 months in prison, followed by 5 years of probation.

---

[1] Alexandre titled his *pro se* filing a Petition for Writ of *Habeas Corpus*. However, as we will discuss, **infra**, Alexandre's Petition is actually a PCRA Petition.

In January 2016, while under supervision, Alexandre was arrested and charged with various unrelated offenses in Philadelphia County. As a result of the new charges, the trial court conducted a **Gagnon II**[2] hearing on November 14, 2017, after which the trial court found Alexandre to be in violation of his parole and probation. The trial court revoked Alexandre's parole, and ordered him to serve the full back time of 94 days for his criminal conspiracy conviction, and full back time of 45 days for his robbery conviction, with immediate parole for both counts. Additionally, the trial court revoked Alexandre's probation, and re-sentenced him to concurrent terms of 3 to 8 years in prison. Relevant to this appeal, the Sentencing Order stated that Alexandre's revocation sentence was effective November 14, 2017, the date of sentencing. The trial court ordered Alexandre's revocation sentence to be served concurrently with the sentence imposed in the Philadelphia case. Alexandre did not file a direct appeal.

In approximately July 2018, Alexandre sent the instant *pro se* Petition for Writ of *Habeas Corpus* to the Honorable Richard M. Cappelli, Jr. ("Judge Cappelli").[3] In the Petition, Alexandre argued that because his revocation was

---

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] Alexandre mailed his Petition directly to Judge Cappelli's chambers. The Petition was never filed with the clerk of courts, and was never entered on the trial court docket.

to be served concurrently with his Philadelphia sentence, his revocation sentence should have commenced on the same date as his Philadelphia sentence. Additionally, Alexandre requested that the PCRA court award him credit for time served on both cases. The PCRA court denied Alexandre's Petition on August 24, 2018.[4] Alexandre filed a *pro se* Notice of Appeal on October 1, 2018.[5] By Order entered October 11, 2018, the PCRA court directed the Delaware County Public Defender's Officer to enter an appearance on Alexandre's behalf. However, the PCRA court subsequently determined that Alexandre was not entitled to counsel, vacated its October 11, 2018 Order, and directed Alexandre to proceed *pro se*.

---

[4] Although the filing stamp on the Order indicates a filing date of August 24, 2018, the docket reflects a filing date of August 28, 2018.

[5] The PCRA court concluded that Alexandre's appeal was untimely filed. **See** PCRA Court Opinion, 12/26/18, at 3-4. Alexandre submits that he did not receive the Order denying his Petition until September 19, 2018, due to a "pandemic" that caused the Pennsylvania Department of Corrections ("DOC") to institute a lockdown of all state prisons, including mailrooms. **See** *Lockdown lifted at SCI-Somerset, other state prisons*, DAILY AMERICAN (September 10, 2018) https://www.dailyamerican.com/news/local/somerset/ inbrief/lockdownn-lifted-at-sci-somerset-other-state-prisons/article_db3582d 1-ae77-552c-b239-90855303c65c.html. Alexandre's *pro se* Notice of Appeal is dated Monday, September 24, 2018, the date on which a timely notice was due. **See** 1 Pa.C.S.A. § 1908. Alexandre's Notice of Appeal was entered on the trial court docket just one week later, on October 1, 2018, and Alexandre has not provided a prison cash slip or other evidence concerning the date he attempted to deposit his *pro se* filing with prison authorities, **see** Pa.R.A.P. 121(a). However, in light of the unique circumstances presented by the statewide prison lockdown, which affected mailrooms and inmate mail service, we decline to quash Alexandre's appeal on this basis.

Initially, we must consider whether Alexandre's Petition is properly before us, and the manner in which it must be addressed. This Court has addressed the various mechanisms through which an appellant may challenge a sentence as follows:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the [DOC], then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [DOC's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed. It is only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence is deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014) (paragraph break and brackets omitted) (citing ***Commonwealth v. Perry***, 563 A.2d 511, 512-13 (Pa. Super. 1989)).

It appears that the PCRA court initially treated Alexandre's Petition as a petition for *habeas corpus*. ***See*** Order, 8/24/18 (referring to Alexandre's *pro se* filing as a petition for *habeas corpus*); ***see also*** Order, 11/7/18 (concluding that Alexandre was "not entitled to counsel on his [Petition for] Writ of *Habeas Corpus* for credit time[,]" and directing him to proceed *pro se*). However, in its Opinion, the PCRA court characterizes Alexandre's claim as a challenge to the DOC's computation of time, and states that Alexandre should seek redress through an original action filed in Commonwealth Court. ***See*** PCRA Court Opinion, 12/26/18, at 4-6; ***see also id.*** at 5 (wherein the PCRA court

concludes that Alexandre was not challenging the legality of his sentence, as his Petition refers to the revocation sentence as lawful).[6] We disagree, and conclude that Alexandre's *pro se* Petition for Writ of *Habeas Corpus* must be considered a Petition filed pursuant to the PCRA.

The crux of Alexandre's claim is that he is entitled to credit for time served, which is a challenge to the legality of his sentence. ***See Heredia***, ***supra***. In his Petition, Alexandre requests relief in the form of credit for time served. ***See*** Petition, ¶ 4. Alexandre also refers to his entitlement for time credit in his appellate brief. ***See*** Brief for Appellant at 5 (unnumbered) (stating that "the judge did call for (139) days of [time credit,] which was never received."); ***see also id.*** (citing Pa.R.Crim.P. 1406, the predecessor of Rule 705, which provided, in part, that credit must be given for days spent in custody prior to the imposition of sentence on the offense). Further, Alexandre does not include any allegations that the DOC committed an error in either his Petition or his brief. ***Cf. Heredia***, ***supra*** (stating that a challenge to the DOC's computation of sentence must be raised in an original action in the Commonwealth Court). Instead, he asserts that he did not receive the appropriate credit for time served, and asks us to remand this case to the trial court for a revised sentence. ***See*** Brief for Appellant at 5, 6 (unnumbered). Thus, Alexandre's Petition challenges the legality of his sentence, and must

---

[6] While Alexandre's Petition describes his sentence as "lawful," he does so by citing Pa.R.Crim.P. 705, which requires a trial court to indicate the date the sentence will commence, as well as whether multiple sentences will be served consecutively or concurrently.

- 5 -

be considered a Petition filed pursuant to the PCRA. *See Heredia*, *supra* (stating that a challenge to the legality of sentence based on a failure to award credit for time served is cognizable under the PCRA); *see also Commonwealth v. Beck*, 848 A.2d 987, 988-89 (Pa. Super. 2004) (treating a "Petition for Writ of *Habeas Corpus* to Correct Time Credit" as a petition filed pursuant to the PCRA).[7]

Because this is Alexandre's first PCRA Petition, he is entitled to the representation of counsel. *See Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011) (stating that "first time PCRA petitioners have a rule-based right to counsel."); *see also* Pa.R.Crim.P. 904(C). Accordingly, we are constrained to vacate the Order denying Alexandre's Petition, and remand for a determination of whether Alexandre may proceed *in forma pauperis*, and if so, for the appointment of counsel, as well as any other proceedings as are appropriate under the PCRA. *See generally Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2011) (discussing this Court's right to address an appellant's lack of counsel *sua sponte* in a PCRA matter).

Order vacated. Remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

---

[7] To the extent that Alexandre raises claims concerning an ambiguity in the Sentencing Order, and the delay in conducting his *Gagnon II* hearing, such claims are waived, as he failed to raise them in his Petition. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/19