J-S14023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ANTHONY SALVAGGI, SR. | : | |
| | : | |
| Appellant | : | No. 2704 EDA 2019 |

Appeal from the Order Entered August 21, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0004813-2007

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY KING, J.:                **FILED APRIL 14, 2020**

Appellant, Michael Anthony Salvaggi, Sr., appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which dismissed his "motion for sentence modification," which the court treated as an untimely petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On February 11, 2008, Appellant pled guilty to identity theft.  The court sentenced Appellant on April 7, 2008, to 8½ months to five years' imprisonment, consecutive to any other sentence Appellant was serving.  Appellant did not file post-sentence motions or a direct appeal.

On February 6, 2019, Appellant filed the current *pro se* "motion for sentence modification."  The court treated the filing as a PCRA petition and appointed counsel, who filed a petition to withdraw on May 1, 2019, and "no-merit" letter per ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927

(1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On May 10, 2019, the court issued notice per Pa.R.Crim.P. 907. Appellant filed a premature notice of appeal on May 21, 2019, which this Court quashed. On August 21, 2019, the court dismissed the petition as untimely and let counsel withdraw. Appellant timely filed a *pro se* notice of appeal on September 6, 2019. On September 17, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement; Appellant timely complied.

Preliminarily, a PCRA petitioner must be currently serving a sentence of imprisonment, probation or parole for the conviction at issue to be eligible for PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i). ***See also Commonwealth v. Williams***, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010) (explaining that once sentence is completed, petitioner is ineligible for PCRA relief). As well, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Robinson***, 12 A.3d 477 (Pa.Super. 2011). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions in the PCRA allow for limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within the required statutory window. ***See*** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, the court sentenced Appellant on April 7, 2008, to 8½ months to five years' imprisonment, consecutive to any other sentence Appellant was serving. The record suggests Appellant was serving another sentence in Clarion County of 14 months to five years' imprisonment. Nothing in the record indicates that Appellant is still serving a sentence **for the conviction at issue**. Thus, to the extent that Appellant's sentencing claims are cognizable under the PCRA,[1] Appellant appears to be ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); **Williams, supra**. Additionally, Appellant's judgment of sentence became final on May 7, 2008, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a) (explaining notice of appeal shall be filed within 30 days). Appellant filed the current petition on February 6, 2019, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not invoke any exception to the time-bar in his PCRA petition.[2] Therefore, Appellant is not entitled to PCRA relief.

Further, to the extent Appellant complains that he is still incarcerated due to a State Board of Probation and Parole ("Board") detainer and/or a

---

[1] Appellant's "brief" fails to include, *inter alia*, the requisite statement of questions and omits citations to relevant authority to support his "argument." *See* Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). As a result, the precise nature of his sentencing claims is not entirely clear.

[2] Appellant cited the "governmental interference" exception, at Section 9545(b)(1)(i), for the first time in his Rule 1925(b) statement, which constitutes waiver of that claim on appeal. **See Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007) (explaining general rule that any claim not raised in PCRA petition is waived on appeal).

miscomputation of his sentence, that claim is not properly before us. **See** 61 Pa.C.S.A. § 6132(a)(1)(i) (stating Board shall have exclusive power to parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in correctional institution); **Commonwealth v. Heredia**, 97 A.3d 392 (Pa.Super. 2014), *appeal denied*, 628 Pa. 637, 104 A.3d 524 (2014) (stating challenge to Department of Corrections' computation or construction of sentence is not cognizable under PCRA; appropriate vehicle for redress is original action in Commonwealth Court). For these reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/20