J-S46041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE GOFF | : | |
| | : | |
| Appellant | : | No. 366 EDA 2020 |

Appeal from the PCRA Order Entered December 18, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005044-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED DECEMBER 8, 2020**

Andre Goff ("Goff") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In a prior appeal, this Court set forth the relevant history underlying this appeal as follows:

> On January 20, 2013, [Goff] fired several shots near 59th Street in Philadelphia, Pennsylvania. When police arrested him, they recovered a .40 caliber handgun with an altered serial number. On April 26, 2013, the Commonwealth charged [Goff] via [C]riminal [I]nformation with possession of a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, recklessly endangering another person, and possessing a firearm with an altered serial number. [***See*** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, 2705, 6110.2(a).] On December 22, 2014, [Goff] pled guilty to all five offenses. On June 4, 2015, the trial court sentenced [Goff] to an aggregate term of five to ten years[ in prison,] followed by five years[ of] probation. [Goff] did not file a direct appeal.

[Goff] filed a timely[,] *pro se*[,] PCRA [P]etition and counsel was appointed. PCRA counsel moved to withdraw [] pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 19, 2016, the PCRA court issued [N]otice of its intent to dismiss [Goff's first P]etition without an evidentiary hearing. **See** Pa.R.Crim.P. 907. After receiving [Goff]'s response to the **Turner**/**Finley** letter, the PCRA court granted PCRA counsel's [M]otion to withdraw and dismissed the [P]etition on January 2017.

**Commonwealth v. Goff**, 188 A.3d 520 (Pa. Super. 2018) (unpublished memorandum at 1-2). On appeal, this Court affirmed the PCRA court's dismissal of Goff's Petition. **Id.**

On March 25, 2019, Goff, *pro se*, filed the instant Petition for Writ of *Habeas Corpus*.[1] In his Petition, Goff challenged the Department of Corrections' ("DOC") computation of his credit for time served. Additionally, Goff argued that his minimum and maximum dates were unlawfully extended based upon the DOC's erroneous calculation. On October 29, 2019, the PCRA court issued a Notice of Intent to dismiss the Petition pursuant to Pa.R.Crim.P. 907. Goff filed a *pro se* Response to the Rule 907 Notice on November 22,

---

[1] Goff characterized his Petition as a "Petition for Writ of *Habeas Corpus*;" however, the trial court considered Goff's Petition to be a second, untimely, PCRA Petition. **See** 42 Pa.C.S.A. § 9542 (providing, in relevant part, that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."). As discussed *infra*, we observe that the trial court should not have treated Goff's Petition as a second PCRA Petition, but we affirm the trial court's order dismissing Goff's Petition.

2019. On December 18, 2019, the PCRA Court dismissed Goff's Petition as untimely and without merit. Goff filed a timely, *pro se*, Notice of Appeal.[2]

Goff now presents the following claims for our review:

1) Does the [PCRA] court's dismissal of the properly filed PCRA [Petition] without an evidentiary hearing constitute clear legal error given [that Goff] invoked a valid timeliness exception to the PCRA time limitations?

2) Does the [PCRA] court's failure to address or otherwise dispose of the November 22, 2019[,] properly filed Response/Motion to Amend the PCRA and proposed amendment constitute an abuse of discretion and clear legal error?

Brief for Appellant at 7.[3]

Prior to addressing the merits of Goff's claims, we must determine whether his Petition for Writ of *Habeas Corpus* is a second PCRA Petition. The PCRA provides, in relevant part, as follows:

The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

---

[2] The PCRA court did not order Goff to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[3] Goff, for the first time, argues that his Petition was a timely second PCRA Petition. Brief for Appellant at 5-9. Additionally, Goff's appellate brief appears to abandon the claims included in his Petition for Writ of *Habeas Corpus*. However, we decline to deem Goff's claims waived in light of our disposition.

42 Pa.C.S.A. § 9542. "In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence." *Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014) (citation omitted). Accordingly, if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

This Court has previously clarified the different claims regarding credit for time served and the mechanisms for raising such claims:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

*Heredia*, 97 A.3d at 395 (Pa. Super. 2014) (citation omitted).

In his Petition for Writ of *Habeas Corpus*, Goff maintains that the Department of Corrections ("DOC") miscalculated the credit for time served awarded by the trial court. Petition for Writ of *Habeas Corpus*, filed March 25, 2019, at 3 ¶¶ 12-14. The crux of Goff's claim is that the DOC erred in

computing the effective date of his sentence. ***Id.*** at 3 ¶ 12. Goff argues that the DOC failed to follow the trial court's sentencing order; consequently, the effective date of his sentence was improperly extended from June 4, 2015, to April 27, 2018. ***Id.*** at 3 ¶ 14; 7-8 ¶¶ 21-25. This claim is not cognizable under the PCRA. ***See Heredia***, ***supra***. Accordingly, the trial court erred in treating Goff's Petition as a PCRA Petition. However, a petition for writ of *habeas corpus* is not the proper vehicle to raise Goff's claim. Rather, Goff's claim challenges the DOC's computation of his time served and, accordingly, is cognizable as an original action in the Commonwealth Court of Pennsylvania. ***See Heredia***, ***supra***; ***see also McCary v. Pa. Dept. of Corrections***, 872 A.2d 1127, 1131 (Pa. 2005) (stating that "[w]here discretionary actions and criteria are not being contested[,] but rather the actions of the [DOC] in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met.").

Because Goff's claim is not cognizable under the PCRA or in a petition for writ of *habeas corpus*, we affirm the trial court's dismissal of the petition. ***See Heredia***, ***supra***; ***see also Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) (stating that this Court can affirm the trial court's order on any basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/08/2020