J-S30029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN SHARP | : | |
| | : | |
| Appellant | : | No. 150 EDA 2023 |

Appeal from the PCRA Order Entered December 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0500161-1991

BEFORE: BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 21, 2023**

Shawn Sharp appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

In 1991, Sharp pled guilty to first-degree murder. Sharp had stabbed his pregnant girlfriend 48 times with a knife and a pair of scissors and beat her with a frying pan. Sharp was 20 years old at the time of the offense. After the court accepted Sharp's plea, the trial court sentenced Sharp to a period of life imprisonment.

Subsequently, this Court affirmed Sharp's judgment of sentence, *see* ***Commonwealth v. Sharp***, 737 A.2d 812 (Pa. Super. 1999) (Table), and the Supreme Court denied his petition for allowance of appeal in 1999. ***See id.***, 742 A.2d 674 (Pa. 1999). Additionally, Sharp filed PCRA petitions in 1999,

2012, and 2017, all of which were unsuccessful. Notably, in his 2017 PCRA petition, Sharp invoked the newly recognized constitutional rights exception, based upon the United States Supreme Court's holding in **Montgomery v. Louisiana**, 570 U.S. 199 (2016), which retroactively applied its holding in **Miller v. Alabama**, 576 U.S. 460 (2012). Sharp contended that his sentence of life imprisonment should have been vacated under **Montgomery** and **Miller**. Ultimately, the PCRA court determined that Sharp could not receive the benefit of **Miller** and **Montgomery** because those holdings applied to juveniles, and Sharp was 20 years old at the time of the commission of the crime.

On December 1, 2020, Sharp filed a "Class Action Petition for Writ of *Habeas Corpus*" in the Court of Common Pleas of Luzerne County, in which he challenged the constitutionality of his sentence under **Miller** and **Montgomery**.[1] The trial court determined that Sharp's *habeas corpus* petition was properly construed as a PCRA petition and transferred the matter to the Court of Common Pleas of Philadelphia County, Criminal Division. On August 4, 2022, the PCRA court issued notice of its intent to dismiss Sharp's PCRA petition pursuant to Pa.R.Crim.P. 907, concluding that Sharp's petition was untimely filed and failed to plead and prove an exception to the PCRA

---

[1] The docket sheet indicates that the Luzerne County trial court conducted a hearing prior to transferring Sharp's case, but no transcripts from this purported hearing appear in the record before this Court.

time bar. Sharp did not file a response, and, on December 6, 2022, the PCRA court dismissed Sharp's PCRA petition.

Prior to addressing any of Sharp's claims, we must first determine whether the PCRA court properly treated Sharp's underlying *habeas corpus* petition as an untimely PCRA petition.[2] The PCRA provides, in relevant part, as follows:

> The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S.A. § 9542. "In construing this language, Pennsylvania Courts have repeatedly held that the PCRA contemplates only challenges to the propriety of a conviction or a sentence." *Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014) (citation omitted). Accordingly, if the PCRA offers a remedy for an appellant's claim, it is the sole avenue of relief and the PCRA time limitations apply. *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013). Additionally, challenges to the legality or constitutionality of a sentence are cognizable under the PCRA. *Commonwealth v. Fahy*, 737 A.2d

_____

[2] We note that Sharp raises 10 claims in his statement of questions involved. *See* Brief for Appellant, at 11-14 (unpaginated). However, in light of our disposition, we do not state them here.

214, 223 (Pa. 1999); *see also* 42 Pa.C.S.A. § 9542 (claims challenging legality of sentence cognizable under PCRA); *id.* at § 9543(a)(2)(i) (claims challenging constitutionality of sentence cognizable under PCRA). Phrased differently, a defendant cannot escape the PCRA time-bar simply by titling his petition or motion as a writ of *habeas corpus*.

Instantly, Sharp filed his "Class Action Petition for Writ of *Habeas Corpus*." *See* PCRA Court Opinion, 1/19/23, at 1 (unpaginated). Our review of Sharp's filings reveals that he is challenging either the legality or the constitutionality of his sentence. Consequently, the court did not err in determining that Sharp's *habeas corpus* petition was properly treated as a PCRA petition. *See Taylor*, *supra*; 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(ii).

Next, we must determine whether Taylor's PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time-bar. Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Sharp's judgment of sentence became final, for purposes of the PCRA, in 1999, when the time expired for Sharp to file a writ of certiorari in the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(1)(3); Sup.Ct.R. 13. Consequently, Sharp's instant PCRA petition was filed approximately 23 years late and, thus, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).[3]

_____

[3] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, Cunningham's claim originated in 2006, well before December 24, 2017, and, therefore, the original 60-day time limit applies.

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

Sharp fails to plead or prove any of the exceptions to the PCRA's time-bar. Rather, Sharp erroneously continues to contend that he filed a "class action" *habeas corpus*. Accordingly, we conclude that Sharp's PCRA petition is untimely, and the PCRA court lacked jurisdiction to consider its merits, and did not err in dismissing it.[4] **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); **see also Spotz**, **supra**; **See Albrecht**, **supra**.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: *9/21/2023*

---

[4] Moreover, as noted **supra**, the PCRA court previously addressed this claim in Sharp's 2017 PCRA petition. Therefore, this claim also has been previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring petitioners to plead and prove "allegation of error has not been previously litigated or waived").

- 6 -