J-S05030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KENNETH JOHNSON :
:
Appellant : No. 1491 WDA 2022

Appeal from the PCRA Order Entered November 22, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014295-2018

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED: June 11, 2024**

Appellant, Kenneth Johnson, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied him relief under the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On October 16, 2019, Appellant entered an open guilty plea to persons not to possess firearms, possession of a controlled substance with the intent to deliver ("PWID"), and possession of a controlled substance.  The court ordered a pre-sentence investigation ("PSI") report, and scheduled sentencing for January 14, 2020.  Appellant did not appear on the date set for sentencing.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

As a result, the court rescheduled the sentencing hearing for January 29, 2020. On January 29, 2020, Appellant appeared for sentencing represented by plea counsel. The court imposed an aggregate term of 42 to 144 months' imprisonment. At the conclusion of the hearing, the court advised Appellant of his appellate rights, including the right to file a post-sentence motion within ten days and the right to file a direct appeal within 30 days. The court expressly stated: "If you wish to assert those rights, you speak with [plea counsel]. He knows what to do." (N.T. Sentencing, 1/29/20, at 32).

On February 4, 2020, Appellant filed a *pro se* "Post-Sentence Motion for Modification of Sentence." In the motion, Appellant alleged that he had "been refused/denied counsel by [plea counsel]."[2] (Post-Sentence Motion, dated 2/4/20, at 1). Appellant did not elaborate on that statement. The motion went on to challenge the discretionary aspects of his sentence, requesting the court to impose concurrent sentences for his convictions. In support of his request, Appellant asserted that he had recently lost his brother to cancer on January 12, 2020, which caused Appellant to inadvertently forget his original sentencing date due to the stress of that event. Appellant also sought a hearing regarding his motion. The court took no action concerning this motion.

On October 19, 2020, Appellant submitted a *pro se* letter to the clerk of

---

[2] The record indicates that plea counsel had been privately retained.

- 2 -

courts challenging his credit for time served. The court also took no action concerning this filing.

On November 22, 2021, Appellant filed a *pro se* "Motion for Reconsideration and Modification of Sentence."[3] In this motion, Appellant sought eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program for his PWID conviction. Appellant claimed plea counsel had misinformed Appellant that he was not eligible for RRRI when that was untrue. Thus, Appellant alleged he had been denied the effective assistance of counsel. Appellant requested the court to modify his sentence to make him eligible for RRRI release on his PWID conviction and reduce his sentence on that conviction accordingly.

On December 14, 2021, the court entered an order directing a response from the Commonwealth within 60 days. The Commonwealth responded on December 16, 2021, and asked the court to appoint counsel for Appellant.[4]

_____

[3] Regarding each of the *pro se* filings dated February 4, 2020, October 19, 2020, and November 22, 2021, respectively, we note that Appellant was incarcerated when he submitted these filings. Thus, Appellant enjoys the benefit of the prisoner mailbox rule. ***See Commonwealth v. Crawford***, 17 A.3d 1279 (Pa.Super. 2011) (explaining that under prisoner mailbox rule, this Court will deem *pro se* document as filed on date it is placed in hands of prison authorities for mailing). We use the date asserted on the documents as the relevant filing date when discussing these documents instead of the dates on which they were docketed.

[4] The Commonwealth's response is not in the certified record. However, the response is docketed as "Commonwealth's Motion to Appoint Counsel." Further, subsequent filings in the record indicate that in its response, the
*(Footnote Continued Next Page)*

On December 29, 2021, the court appointed counsel for Appellant. The court treated Appellant's *pro se* November 22, 2021 filing as a PCRA petition, and instructed appointed counsel to file an amended PCRA petition by March 29, 2022. Counsel entered an appearance on Appellant's behalf on January 18, 2022.

Following the grant of several extensions, PCRA counsel filed an amended PCRA petition on July 25, 2022. In the amended petition, Appellant alleged ineffective assistance by plea counsel for failing to explain to the court that Appellant's failure to appear at the original date scheduled for sentencing was due to Appellant's mistake regarding the date of that proceeding.[5] Appellant also contested the legality of his sentence due to the court's failure to award certain credit for time served. Although Appellant did not plead any exception to the PCRA's timeliness requirements, he alleged that his *pro se* documents dated February 4, 2020 and October 19, 2020 (within one year of his sentencing) should have been construed as timely PCRA petitions and led to the appointment of counsel. (**See** Amended PCRA Petition, filed 7/25/22, at 5).

The Commonwealth filed an answer on September 27, 2022. The

_____

Commonwealth asked the court to treat Appellant's earlier *pro se* filings as PCRA petitions.

[5] Appellant did not allege that plea counsel was ineffective in failing to act on Appellant's *pro se* February 4, 2020 or October 19, 2020 filings.

Commonwealth contested Appellant's claim of ineffective assistance of counsel but did not dispute his entitlement to the credit for time served.[6] On October 19, 2022, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, indicating that Appellant's claim of plea counsel's ineffective assistance lacked merit. Appellant filed a response on November 8, 2022. The court denied PCRA relief on November 22, 2022.

On December 22, 2022, Appellant timely filed a notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and, following the grant of an extension of time and the appointment of new counsel on appeal, Appellant timely complied.

Appellant raises one issue for our review:

> The PCRA Court erred in denying relief where plea counsel was ineffective for failing to explain to the sentencing court that [Appellant's] failure to appear at an earlier scheduled sentencing date resulted from [Appellant's] mistake as to the date set for sentencing.

(Appellant's Brief at 4).

As a prefatory matter, we observe that the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition,

---

[6] The Commonwealth did not perform any jurisdictional analysis. Instead, it merely asserted that Appellant had filed his PCRA petition within one year of his judgment of sentence becoming final, such that the PCRA court had jurisdiction.

shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition; a petitioner must also assert the exception within the time allowed under the statute. 42 Pa.C.S.A. § 9545(b)(1) and (b)(2).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Instantly, the timeliness of Appellant's PCRA petition is questionable.

The court sentenced Appellant on January 29, 2020. Appellant did not file a direct appeal.[7] Therefore, his judgment of sentence became final 30 days later, on February 28, 2020. *See* 42 Pa.C.S.A. § 9545(b)(3). As such, Appellant had until February 28, 2021 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not file the current "Motion for Reconsideration and Modification of Sentence" (which the court treated as a PCRA petition) until November 22, 2021, which was facially untimely. Further, Appellant did not plead in his *pro se* motion or in his counseled amended PCRA petition any exception to the PCRA time-bar. Instead, Appellant suggested in his amended PCRA petition that his *pro se* February 4, 2020 motion and October 19, 2020 letter should have been construed as timely PCRA petitions filed within one year of when his judgment of sentence became final. Further, Appellant claimed that the *pro se* filings should have led to the appointment of counsel.

Although the PCRA court presumably agreed with Appellant's position regarding the timeliness of the current petition, the PCRA court did not do so expressly or provide any jurisdictional analysis in its Rule 907 notice or Rule 1925(a) opinion. Further, our review of the record does not necessarily support Appellant's averments concerning timeliness. Regarding Appellant's

---

[7] As we discuss in greater detail *infra*, the record suggests that Appellant was still represented by plea counsel when he filed the otherwise timely post-sentence motion. Therefore, that filing is considered a legal nullity and did not enlarge the date on which Appellant's judgment of sentence became final.

*pro se* February 4, 2020 and October 19, 2020 filings, the record suggests that Appellant was still represented by plea counsel when he submitted those documents. Nothing in the record indicates that plea counsel has ever withdrawn his representation of Appellant. Indeed, the docket entries indicate that plea counsel continues to be served with court filings, even after PCRA counsel entered an appearance on Appellant's behalf. As such, these *pro se* filings were legal nullities.[8] **See Commonwealth v. Hopkins**, 228 A.3d 577 (Pa.Super. 2020) (explaining general rule that hybrid representation is not permitted; our courts will not accept *pro se* motion while appellant is represented by counsel; such motions have no legal effect and therefore are legal nullities).[9]

---

[8] As we discuss in more detail **infra**, nothing in the record indicates that the clerk of courts forwarded this filing to plea counsel as required by Pa.R.Crim.P. 576(a)(4) (stating that in any case in which defendant is represented by attorney and submits document for filing, clerk of courts shall accept it for filing, time stamp it, make docket entry reflecting date of receipt, and place document in criminal case file; copy of time stamped document shall be forwarded to defendant's attorney and attorney for Commonwealth within 10 days of receipt).

[9] Even if Appellant was not represented by plea counsel at the time of these filings, it is unclear whether they can properly be construed as PCRA petitions. Appellant's *pro se* February 4, 2020 motion challenges the discretionary aspects of sentencing, which is not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2) (listing cognizable claims under PCRA). Likewise, Appellant's *pro se* October 19, 2020 letter challenged the computation of his credit for time served. Specifically, Appellant claimed that he turned himself into authorities on January 14, 2020, but that his "sentence summary" inaccurately stated that Appellant did not turn himself in until January 22, 2020. Thus, Appellant requested an adjustment of his credit for time served. *(Footnote Continued Next Page)*

Nevertheless, we recognize the procedural irregularities that occurred in this case. We reiterate that nothing in the record indicates that plea counsel has ever withdrawn his representation of Appellant. As Appellant was still represented by plea counsel when he filed the February 4, 2020 motion and October 19, 2020 letter, a breakdown in the operations of the court occurred when the clerk of courts failed to forward those filings to counsel of record.[10] **See** Pa.R.Crim.P. 576(a)(4); **Commonwealth v. Chestnut**, No. 2943 EDA 2018 (Pa.Super. filed Oct. 22, 2020) (unpublished memorandum)[11] (explaining that any failure of clerk of courts to forward copy of appellant's *pro se* filings to counsel of record should be deemed breakdown in court system).

---

Where an alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress is an original action in the Commonwealth Court challenging the computation. **See Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa.Super. 2014), *appeal denied*, 628 Pa. 637, 104 A.3d 524 (2014). On the other hand, a challenge to the trial court's failure to award credit for time served is a challenge to the legality of sentencing, cognizable under the PCRA. **See id.** Here, the sentencing transcript makes clear that the court awarded credit for time served. (**See** N.T. Sentencing, 1/29/20, at 29). Thus, Appellant's challenge in this filing seems to relate to the computation of his time-credit, which is not cognizable under the PCRA. **See Heredia, supra**.

[10] To the extent that Appellant was no longer represented by counsel when he filed either the February 4, 2020 motion or October 19, 2020 letter, the court had no reason for failing to act on Appellant's filings, which may have included the appointment of new counsel.

[11] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions filed in this Court after May 1, 2019 for their persuasive value).

We emphasize that Appellant's February 4, 2020 motion stated that plea counsel had refused or denied him assistance. In light of this assertion, combined with the clerk of court's failure to forward Appellant's *pro se* filings to counsel of record, the best resolution of this case is to vacate and remand for further proceedings, which may include an evidentiary hearing. Upon remand, the court must determine whether plea counsel abandoned Appellant at the time he timely filed the *pro se* post-sentence motion. If the record confirms that plea counsel abandoned Appellant at that time, the court should take further action as necessary to protect Appellant's post-sentence rights. If the record does not indicate that plea counsel abandoned Appellant, the court may again consider the merits of Appellant's November 22, 2021 PCRA petition, so long as the court has jurisdiction to do so. In doing so, the court must explicitly provide a jurisdictional analysis as a prefatory matter. Accordingly, we vacate and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/11/2024

- 10 -