J-S43032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                       :           PENNSYLVANIA
                                       :
            v.                                :
                                       :
                                       :
JOHNNY L. RUFFIN                    :
                                       :
             Appellant              :      No. 1379 EDA 2025

Appeal from the PCRA Order Entered April, 28, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0110091-1985

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED JANUARY 15, 2026**

Appellant, Johnny L. Ruffin, appeals *pro se* from the post-conviction court's order dismissing, as untimely, his serial petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to the issues he raises on appeal.  We need only note that on December 17, 1985, a jury convicted Appellant of first-degree murder, 18 Pa.C.S. § 2502(a), and two counts of possessing an instrument of crime (PIC), 18 Pa.C.S. § 907.  On August 18, 1986, Appellant was sentenced to life imprisonment, without the possibility of parole.  This Court affirmed his judgment of sentence on April 14, 1987, and our Supreme Court denied his subsequent petition for permission to appeal on September 2, 1987.  ***See Commonwealth v. Ruffin***,

526 A.2d 1236 (Pa. Super. 1987) (unpublished memorandum), *appeal denied*, 531 A.2d 1119 (Pa. 1987).

Over the next two decades, Appellant filed three, unsuccessful PCRA petitions. On October 20, 2023, Appellant filed his fourth, *pro se* PCRA petition, which underlies his instant appeal. Therein, he claimed that on August 18, 2023, he discovered a new fact when he "was given a DC[-]16E Sentence Status Summary[,[1]]" which showed that, although he "was convicted by a jury of first[-]degree murder[, he] was never charged with [that offense,] nor was [he] charged with murder [in] general." PCRA Petition, 10/20/23, at 3, 4. Appellant averred that, instead, "the indictment that [he is] being held under is [for] CP1011 voluntary manslaughter[,] making [his] sentence illegal." *Id.* at 3.

For some unexplained reason, it was not until January 21, 2025, that the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, on the basis that it was untimely and he met no exception to the PCRA's one-year time-bar. *See* Rule 907 Notice, 1/21/25, at 1 (single page). Appellant filed a *pro se* response to the court's Rule 907 notice on January 27, 2025, adding two additional claims of police misconduct in the investigation of his case, and ineffective assistance of his

---

[1] This form, which is attached to Appellant's PCRA petition, is issued by the Department of Corrections (DOC).

trial counsel. *See* Response, 1/27/25, at 1 (single page).[2] On March 24, 2025, the PCRA court issued another Rule 907 notice of its intent to dismiss Appellant's petition without a hearing, explaining why these newly-added claims were also untimely and met no exception. *See* Rule 907 Notice, 3/24/25, at 1 (single page). Appellant filed a *pro se* motion for an extension of time within which to file a response to the court's Rule 907 notice, which the court does not appear to have ruled on. Instead, on April 28, 2025, the court issued an order dismissing his petition as untimely.

Appellant filed a timely, *pro se* notice of appeal on May 19, 2025.[3] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 19, 2025, the court filed a Rule 1925(a) opinion. Herein, Appellant raises two issues for our review:

    I.    Whether the PCRA court erred as a matter of law in finding that Appellant's [PCRA] petition was untimely filed under the purview of 42 Pa.C.S. §[]9545(b)(1)(ii)?

---

[2] We note that Appellant does not raise either of these claims on appeal.

[3] We note that Appellant's notice of appeal failed to state the date of the order being appealed. Consequently, on June 23, 2025, this Court issued a rule to show cause why his appeal should not be quashed as having been taken from a purported order which was not entered upon the appropriate docket of the lower court. *See* Pa.R.A.P. 301(a)(1) ("[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court."); Pa.R.A.P. 904(d) ("A copy of the docket entry showing the entry of the order appealed from shall be attached to the notice of appeal."). On July 7, 2025, Appellant filed a *pro se* response to the show cause order, identifying the April 28, 2025 order as the order from which he is appealing. Accordingly, we have corrected the caption to reflect that the appeal lies from the PCRA court's April 28, 2025 order dismissing Appellant's petition.

II.     Whether the PCRA court abused its discretion and erred as a matter of law in dismissing Appellant's PCRA petition without a hearing, where material issues of fact were raised that required a hearing?

Appellant's Brief at 4.

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **_Commonwealth v. Ragan_**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **_See Commonwealth v. Bennett_**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final in 1987 and, thus, his 2023 petition is patently untimely. For us to have jurisdiction to review the merits of his claim, he must satisfy one of the timeliness exceptions set forth above. In this regard, Appellant argues that he meets the newly-discovered-fact exception of section 9545(b)(1)(ii) based on his receipt of the DC-16E Sentence Status Summary sheet, which he claims revealed to him that he "was initially arrested and held under an indictment for manslaughter[,]" and that "he was never charged with first[-]degree murder or general homicide." Appellant's Brief at 11. Appellant contends that "the alteration of his initial charge of manslaughter to first[-]degree murder by the trial court subjected him to [a] life sentence and amounted to a structural error." *Id.* at 11-12.

Appellant's argument does not satisfy the newly-discovered-fact exception. To the extent Appellant suggests that the DC-16E Sentence Summary Sheet revealed to him that he was ***only*** charged with voluntary manslaughter and not first-degree murder, the document belies this claim. As the PCRA court noted in its opinion, the DC-16E Sentence Status Summary

sheet attached to Appellant's PCRA petition "merely indicates that [Appellant] is serving a sentence for a first[-]degree murder conviction and does not give any indication of what crimes [Appellant] was initially charged with prior to his conviction." PCRA Court Opinion, 5/19/25, at 2 n.5 (unnumbered). Our review of the record supports the PCRA court's determination. We see nothing on the DC-16E form indicating that Appellant was **only** charged with voluntary manslaughter and not first-degree murder. **See** PCRA Petition at 11-13 (unnumbered).

Instead, the only mention of voluntary manslaughter on that document is on the third page, under the heading "Non-Incarcerated Offenses[,]" where it states, "CP1011 Voluntary Manslaughter — Merges[.]" **Id.** at 13 (unnumbered). It seems that Appellant interprets this statement as indicating he was **only** charged with voluntary manslaughter, yet the record before us clearly refutes this. Specifically, the criminal docket states that Appellant was charged with first-degree murder, two counts of PIC, involuntary manslaughter, **and voluntary manslaughter**. **See** Criminal Docket, CP-51-CR-0110091-1985, at 3. It further indicates that Appellant was found guilty of first-degree murder and both counts of PIC, the involuntary manslaughter charge was *nol prossed*, and he was found not guilty of voluntary

manslaughter. ***Id.*** at 4. As such, there were no sentences imposed for either of the manslaughter charges.[4] ***Id.***

In light of this record, Appellant has failed to prove the applicability of the newly-discovered-fact exception. Namely, the 'new fact' he alleges — *i.e.*, that he was only charged with voluntary manslaughter and not first-degree murder — is not supported by either the DC-16E form he attached to his petition, or the record as a whole. Accordingly, we agree with the Commonwealth that Appellant "failed to provide the PCRA court with any newly[-]discovered facts that could support his invocation of [the] timeliness exception." Commonwealth's Brief at 10 (footnote omitted).

Additionally, even if Appellant were attempting to allege that he only just discovered that he was charged with voluntary manslaughter at all, he cannot demonstrate that he could not have discovered this fact sooner, in the exercise of due diligence. The criminal docket sets forth the charges Appellant faced, including voluntary manslaughter, and states the disposition of each of those charges. Thus, Appellant has failed to prove that he could not have

_____

[4] In this regard, the record contradicts the indication on the DC-16E form that Appellant received a sentence for voluntary manslaughter that merged with his life term of incarceration for first-degree murder. In any event, any allegation that the DOC failed to follow the trial court's sentence by stating that Appellant has a 'merged' sentence for voluntary manslaughter would not be cognizable under the PCRA. ***See Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. 2014) (concluding that an allegation that the DOC failed to follow the trial court's sentence is not a challenge to the legality of a sentence or a conviction; thus, it is not cognizable under the PCRA).

discovered that he was charged with voluntary manslaughter prior to August of 2023.

For these reasons, the PCRA court did not err in dismissing Appellant's petition on the basis that it is untimely and meets no exception to the PCRA's one-year time-bar. Moreover, we also discern no abuse of discretion in the court's decision to dismiss Appellant's petition without a hearing, as Appellant has failed to show that he raised any genuine issue of fact regarding the timeliness of his petition. *See Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) ("[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."). Thus, Appellant's second issue also warrants no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026